IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DORIS J. MASTERS, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:09-CV-255 |
| v. | ) ) | |
| LOWE'S HOME CENTERS, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT LOWE'S HOME CENTERS, INC.'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR DEFENDANT'S ADMISSIONS**

Defendant Lowe's Home Centers, Inc. ("Lowe's"), by its attorneys and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby responds to the First Set of Requests for Admission by Plaintiff, Doris J. Masters, individually and as the representative of a class of similarly-situated persons ("Masters").

**GENERAL OBJECTIONS**

The following General Objections and Responses apply to all the numbered Requests for Admissions, and the General Objections and Responses shall be deemed continuing as to each Request for Admission and are not waived, or in any way limited, by the specific objections and answers.

1.  Lowe's objects to the Requests because the Notice of Appeal filed on July 9, 2009 divested the district court of jurisdiction and stayed all proceedings in the district court including discovery. *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 506 (7th Cir. 1997) ("[A] notice of appeal divests the district court of power to proceed with the

aspects of the case that have been transferred to the court of appeals."); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Consequently as of the filing of the Notice of Appeal on July 9, 2009, Lowe's is not required to respond to any discovery during the pendency of the appeal. Lowe's reserves the right to supplement its responses upon remand of the case to the District Court from the Court of Appeals.

2. Lowe's objects to the Requests for Admission to the extent that they seek to invade the attorney client privilege, work product immunity, or any other applicable privilege or immunity. The inadvertent disclosure of such information is not intended to be a waiver of any privilege or protection and shall not be deemed a waiver of any privilege or protection.

3. Lowe's objects to each Request for Admission to the extent it attempts to impose obligations on Lowe's other than or beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States Court for the Southern District of Illinois, and/or applicable Orders of this Court.

4. Lowe's objects to the Requests for Admission as vague and ambiguous to the extent that the Requests do not provide sufficient factual information in order to admit or deny the Request.

5. Lowe's objects to each Requests for Admission to the extent it seeks information outside of Lowe's custody and/or control, and which after a reasonable inquiry of

the persons and documents within Lowe's control does not lead to or furnish information sufficient for Lowe's to admit or deny the Request.

6. Lowe's objects to these Requests for Admissions to the extent that they are overly broad, unduly burdensome, calculated to harass, duplicative and not reasonably calculated to lead to the discovery of admissible evidence.

7. Lowe's objects to the definition of "Defendant" as overly broad by including all of Lowe's Home Centers, Inc.'s parent companies, affiliates, subsidiaries, agents, employees, shareholders, officers, directors, and others. Lowe's understands defendant to mean only Lowe's Home Centers, Inc., which is the sole defendant in this case.

8. Lowe's objects to the definition of "truncation." This definition is vague and ambiguous and is not connected to the requirements of the Fair and Accurate Credit Transactions Act of 2003. Further the definition of "truncation" makes assumptions not supported by the statute.

9. Lowe's expressly reserves the right to supplement its responses and objections to these requests as additional information becomes available to it in the course of this litigation.

Subject to these General Objections, and without waiving the same, Lowe's answers as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

1. Defendant is a person that accepts credit cards or debit cards for the transactions of business.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes

both credit cards or debit cards. Further, Lowe's objects to this Request for Admission as compound and vague because the response depends on the particular event at issue. Plaintiff has not identified which specific event she is referencing. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 1.

  2. From December 4, 2006 to the present Defendant has provided to more than 40 persons an electronically printed receipt at the point of sale or transaction displaying more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards and both point of sale or transaction. Further, Lowe's objects to this Request for Admission as compound and vague because the response depends on the particular event at issue. Plaintiff has not identified which specific event she is referencing. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 2.

  3. From December 4, 2006 to the present Defendant has provided to more than 100 persons an electronically printed receipt at the point of sale or transaction displaying more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards and both point of sale or transaction. Further, Lowe's objects to this Request for Admission as compound and vague because the response depends on the particular event at issue. Plaintiff has not identified which specific event she is referencing. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 3.

  4. From December 4, 2006 to the present Defendant has provided to more than 1,000 persons an electronically printed receipt at the point of sale or transaction displaying

more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards and both point of sale or transaction. Further, Lowe's objects to this Request for Admission as compound and vague because the response depends on the particular event at issue. Plaintiff has not identified which specific event she is referencing. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 4.

5. From December 4, 2006 to the present Defendant has provided to more than 5,000 persons an electronically printed receipt at the point of sale or transaction displaying more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards and both point of sale or transaction. Further, Lowe's objects to this Request for Admission as compound and vague because the response depends on the particular event at issue. Plaintiff has not identified which specific event she is referencing. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 5.

6. From December 4, 2006 to the present Defendant has provided to more than 5,000 persons an electronically printed receipt at the point of sale or transaction displaying more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards and both point of sale or transaction. Further, Lowe's objects to this Request for Admission as compound and vague because the response depends on the particular event at issue. Plaintiff has not identified which specific event she is referencing.

Lowe's also objects that this Request for Admission is duplicative of Request for Admission No. 5. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 6.

7. Your machines that printed receipts containing more than the last five (5) digits of the person's credit card or debit card number were brought into use before January 1, 2005.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards. Further, Lowe's objects to this Request for Admission as compound and vague because it refers to multiple machines without specifically identifying which machine is at issue in this Request for Admission. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 7.

8. Your machines that printed receipts containing more than the last five (5) digits of the person's credit card or debit card number were brought into use before January 1, 2005.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards. Further, Lowe's objects to this Request for Admission as compound and vague because it refers to multiple machines without specifically identifying which machine is at issue in this Request for Admission. Lowe's also objects that this Request for Admission is duplicative of Request for Admission No. 7. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 8.

9. Your machines that printed receipts containing more than the last five (5) digits of the person's credit card or debit card number were brought into use on or after January

1, 2005.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards. Further, Lowe's objects to this Request for Admission as compound and vague because it refers to multiple machines without specifically identifying which machine is at issue in this Request for Admission. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 9.

10. Your machines that printed receipts containing more than the last five (5) digits of the person's credit card or debit card number were brought into use on or after January 1, 2005.

**RESPONSE:** Lowe's objects to this Request for Admission as compound because it includes both credit cards or debit cards. Further, Lowe's objects to this Request for Admission as compound and vague because it refers to multiple machines without specifically identifying which machine is at issue in this Request for Admission. Lowe's also objects that this Request for Admission is duplicative of Request for Admission No. 9. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 10.

11. You learned of the truncation requirements under FACTA before you were served by this suit.

**RESPONSE:** Lowe's objects to this Request for Admission because its use of the word "learned" in this context is vague and ambiguous. Further, Lowe's objects to the definition of "truncation" and does not understand that Plaintiff's definition of "truncation" is consistent with the statutory requirements of FACTA. Subject to its general objections and these specific

objections and without waiving them, Lowe's denies Request For Admission No. 11.

12. You learned of the truncation requirements under FACTA before December 4, 2006.

**RESPONSE:** Lowe's objects to this Request for Admission because its use of the word "learned" in this context is vague and ambiguous. Further, Lowe's objects to the definition of "truncation" and does not understand that Plaintiff's definition of "truncation" is consistent with the statutory requirements of FACTA. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 12.

13. You learned of the truncation requirements under FACTA before January 1, 2005.

**RESPONSE:** Lowe's objects to this Request for Admission because its use of the word "learned" in this context is vague and ambiguous. Further, Lowe's objects to the definition of "truncation" and does not understand that Plaintiff's definition of "truncation" is consistent with the statutory requirements of FACTA. Subject to its general objections and these specific objections and without waiving them, Lowe's denies Request For Admission No. 13.

Dated: August 3, 2009

Respectfully submitted,

**LOWE'S HOME CENTERS, INC.**

s/ Kathleen B. Barry
Kimball R. Anderson
Thomas J. Wiegand
Kathleen B. Barry
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-5600
Phone: (312) 558-5600
Fax: (312) 558-5700
kanderson@winston.com
twiegand@winston.com
kbarry@winston.com

Gordon R. Broom
HEPLERBROOM LLC
103 West Vandalia Street
Suite 300
Edwardsville, IL 62025
Phone: (618) 307-1112
Fax: (618) 656-1364
grb@heplerbroom.com

*Attorneys for Lowe's Home Centers, Inc.*

# CERTIFICATE OF SERVICE

      The undersigned, an attorney for Defendant Lowe's Home Centers, Inc., hereby certifies that a copy of the foregoing DEFENDANT LOWE'S HOME CENTERS, INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR DEFENDANT'S ADMISSIONS was filed using the Court's ECF System per Local Rule 26.1(b)(1) and were served on August 3, 2009 on the following counsel:

| BY REGULAR MAIL | BY REGULAR MAIL: |
|---|---|
| Phillip A. Bock | Bradley M. Lakin |
| Bock & Hatch, LLC | Robert W. Schmieder II |
| 134 N. LaSalle St., Ste. 1000 | Mark L. Brown |
| Chicago, IL 60602 | THE LAKIN LAW FIRM, P.C. |
| | 300 Evans Avenue, P.O. Box 229 |
| BY REGULAR MAIL: | Wood River, IL 62095-0229 |
| Brian J. Wanca | |
| Steven A. Smith | |
| ANDERSON & WANCA | |
| 3701 Algonquin Road, Suite 760 | |
| Rolling Meadows, IL 60008 | |

Dated: August 3, 2009

                                                      s/ Kathleen B. Barry
Kimball R. Anderson
Thomas J. Wiegand
Kathleen B. Barry
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-5600
Phone: (312) 558-5600
Fax: (312) 558-5700
kanderson@winston.com
twiegand@winston.com
kbarry@winston.com

*Attorneys for Lowe's Home Centers, Inc.*