IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

JAN 11 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | |
|---|---|
| DORIS J. MASTERS, individually and as the representative of a class of similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 09-cv-255-JPG-PMF<br>)<br>) |
| LOWE'S HOME CENTERS, INC., | )<br>) |
| Defendant. | )<br>) |

### ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered Plaintiff's Unopposed Motion for Preliminary Approval of the Agreement [Dkt. No. 42], filed on January 5, 2011, and having reviewed and considered the terms and conditions of the proposed Agreement as set forth in the Settlement Agreement, a copy of which has been submitted with the Unopposed Motion and the terms of which are incorporated herewith, and all other prior proceedings in these Actions, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the dissemination of Notice to Class Members, each as provided for in this Order.

## Conditional Certification of the Class

2.     For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Lawsuit is conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All past and present holders of Lowe's branded GE Money Bank credit cards, who made a payment on their Lowe's branded GE Money Bank credit card balance at a new Lowe's store between January 1, 2005, and December 3, 2006, or at any Lowe's store between December 4, 2006 and March 24, 2008. A new Lowe's store is a Lowe's store opened after January 1, 2005, and is identified on the list attached to the Agreement as Exhibit A.

Excluded from the Settlement Class are: Defendant Lowe's Home Centers, Inc., its corporate Affiliates, and all employees thereof (collectively, "Lowe's"). Also excluded is any trial judge who may preside over this Lawsuit. Plaintiff Doris J. Masters ("Masters") is conditionally certified as the Class Representative for the Settlement Class, and the law firm of Bock & Hatch, LLC (through attorneys Phillip A. Bock and Richard J. Doherty) is conditionally certified as Class Counsel. This conditional certification of the class, Class Representative, and Class Counsel are solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Representative shall be void and of no further effect and the Parties to the Agreement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in these Actions.

## Stay Order

3.     The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims (as defined in the Settlement Agreement) against Lowe's,

-3-

Lowe's Affiliates, GE Money Bank, and the Released Parties (as defined in the Settlement Agreement).

### Form and Timing of Notice

4.      As soon as practicable after entry of this Order, but no later than within 60 days of the entry of the Order of Preliminary Approval, Lowe's shall provide individual notice via mail, substantially in the form attached hereto as Exhibit C (the "Notice"), to each Class Member identified on GE Money Bank's database using the addresses contained in that database ("Direct Mail"). For each Class Member, Lowe's in its sole discretion may provide Notice: (i) via a bill stuffer sent by GE Money Bank to Class Members who receive a GE Money Bank bill within two billing cycles of the preliminary approval of settlement date; or (ii) via U.S. post card notice. Whether the Class Member receives a bill stuffer or U.S. post card notice shall be at Lowe's sole discretion. Lowe's shall also cause to be posted on the Internet the Internet Notice, substantially in the form of Exhibit D to the Settlement Agreement.

5.      The Court also approves the proposed Proof of Claim substantially in the form of Exhibit E to the Settlement Agreement.

6.      The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

7.      The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

**Opt Out**

8. Any member of the Settlement Class may opt out of the Settlement Class and this Lawsuit in the manner and with the consequences described herein, providing that all such elections to opt out must be postmarked or received by the Settlement Administrator no later than the Opt-Out/Objection Deadline.

9. The Settlement Administrator shall file with the Court no later than seven (7) days prior to the Fairness Hearing a list of all elections to opt out received by the Settlement Administrator by the Opt-Out/Objection Deadline.

10. Any Class Member that does not file a timely and complete election to opt out of this Settlement by the Opt-Out/Objection Deadline will be bound by the Stay Order and the Settlement Agreement.

11. Any Class Member that files a timely and complete election to opt out of this Settlement by the Opt-Out/Objection Deadline may proceed with his/her own action.

**Fairness Hearing; Right to Appear and Object**

12. A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Judge J. Phillip Gilbert, in Courtroom 1, Kenneth Gray Federal Building and U.S. Courthouse, 301 West Main Street, Benton, IL 62812, on June 8, 2011, at 9:30 a.m., to determine:

(a) Whether the Court should certify the Settlement Class and whether the Class Representative and her counsel have adequately represented the class;

(b) Whether the Settlement Agreement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

(c) Whether the Lawsuit should be dismissed on the merits and with prejudice as to Defendant;

-5-

    (d) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of these Lawsuit against Lowe's, its Affiliates, GE Money Bank, and the Released Parties (as defined in the Settlement Agreement);

    (e) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

    (f) Whether the application for an incentive award to be submitted by Plaintiff Masters should be approved; and

    (g) Such other matters as the Court may deem necessary or appropriate.

  The Court may finally approve the Settlement Agreement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

  13. Any Class Member and any other interested person may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be submitted by the Court in connection with its consideration of those matters, unless on or before April 8, 2011, such person:

    (a) Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing; and

    (b) Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by April 8, 2011:

| Class Counsel: | Lowe's Counsel: |
|---|---|
| Phillip A. Bock | Kimball R. Anderson, Esq. |
| Richard J. Doherty | Winston & Strawn LLP |
| Bock & Hatch, LLC | 35 W. Wacker Dr. |
| 134 N. La Salle, Suite 1000 | Chicago, IL 60601 |
| Chicago, IL 60602 | |

(c) Class Counsel shall file all papers, including memoranda or briefs in support of the Settlement Agreement, no later than fourteen (14) days prior to the Fairness Hearing.

(d) Class Counsel shall file any motion for an award of attorneys' fees and reimbursement of expenses no later than fourteen (14) days prior to the Fairness Hearing.

14. The Court may adjourn the Fairness Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

15. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in this Lawsuit.

### Other Provisions

16. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representative, her counsel, any Class Members, Lowe's, Lowe's Affiliates, GE Money Bank, the Released Parties (as defined in the Settlement Agreement), or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have

been, asserted in the Lawsuit are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Class Representative, or any Class Members or any person has or has not suffered any damage.

17. In the event that the Settlement Agreement is terminated or is not consummated for any reason, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

**IT IS SO ORDERED**
**DATED: January 11, 2011**

s/ J. Phil Gilbert
**DISTRICT JUDGE**
**J. PHILGILBERT**