FILED
MAY 02 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS J. MASTERS, individually and as the representative of a class of similarly situated persons<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br><br>Defendant. | Case No. 09-cv-255-JPG-PMF<br><br>**OBJECTION TO CLASS PROPOSED ACTION SETTLEMENT** |

NOW COMES Grace M. Cannata, 23200 Bryden Rd., Cleveland, Ohio 44122 (telephone number (216) 533-0522), Pro Se ("Objector"), hereby files these Objections to the Proposed Settlement of this Class Action and, in support thereof, state as follows:

## PROOF OF MEMBERSHIP IN CLASS

Objector, past and presently, holds a Lowe's branded GE Money Bank credit card and made a payment on her Lowe's branded GE Money Bank credit card balance at a new Lowe's store during the class period. (See Attached Claim Notice and Claim Form). Objector is eligible for at least one gift card as prescribed in the Claim Notice, the Notice of Proposed Settlement of Class Action and the Settlement Agreement.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that she does not intend to appear at the Fairness Hearing presently scheduled for 1:30 P.M. on July 14, 2011, in the United States District Court for the Southern District of Illinois, Kenneth Gray Federal Building and U.S. Courthouse, 301 West Main Street, Benton, IL 62812 and will rely on the written Objections.

1

## **OBJECTIONS**

The Settlement Agreement is unfair, unreasonable and inadequate for the following reasons:

1.  **LOWE'S STANDS TO BENEFIT MORE THAN THE CLASS**. This Settlement is nothing more than a coupon settlement and a marketing incentive program for Lowe's. In fact, if you purchased products from Lowe's and you used their branded credit card, the only relief is to get a gift card (or coupon) to buy more products from Lowe's. That is a benefit to Lowe's! Essentially, Class Members receive little more than the right to purchase more products from the defendant at a discounted price.

Given the abuse Class Members have already suffered at the hands of Lowe's, they certainly are reluctant to engage in further dealings with Lowe's. Hence, in light of the dubious value of the benefit offered to Class Members, the redemption rate is virtually guaranteed to be miniscule. The low redemption rates which typically accompany these "in-kind" settlements make a mockery of the concept that Class Members should receive value for settling their claims. This abuse is particularly troubling when, as in the instant case, class attorneys are paid in cash while Class Members receive gift cards or coupons of dubious value.

This Court should determine the actual value of the settlement prior to granting or denying final approval. The settling parties have failed to produce sufficient evidence in this regard. Not only is the final claims rate unavailable, the Court has not even been presented a reasonable approximation of the claims rate. Accordingly, the Court does not have the information it needs to evaluate the settlement's reasonableness.

Notwithstanding the absence of evidence concerning the "actual value", here even the stated value $7,000,000 is suspect. First, the $7,000,000 cap is arbitrary and no

evidence has been presented that the benefit offered will be commensurate with released claims. If there is no reasonable approximation of the number of claims to be filed, there is absolutely no way to know whether individual class members will receive an amount that is adequate to compensate them for claims they are releasing. Second, the benefit offered is per "qualifying payment" at a Lowe's store up to three (3) qualifying payments. As such, a Class Member who made 3 qualifying payments at a Lowe's store is eligible for the same benefit as some who made a thousand qualifying payments. Under the terms of the proposed settlement, heavy volume users are subsidizing, to their detriment, Class Members who made 3 or less qualifying payments. This disparate treatment of class members is unfair and results in the smallest benefit going to the class members with the greatest damages.

Finally, regardless of whether the Court is inclined to approve the settlement's substance in the absence of claims data, it must, according to Class Action Fairness Act ("CAFA"), wait to see how many "gift cards" or coupons are issued to Class Members before awarding attorneys' fees. Additionally, the Court should require publication of the final claims rate in the interest of tracking the efficacy of this type of settlement.

2.  ATTORNEYS FEES ARE EXCESSIVE. Class Counsel indicates in the Notice and in the Settlement Agreement that it will request up to $1,724,000 in Attorneys' fees and expenses. That is entirely too much compensation considering how short this case's "time-line" is and the fact that it represents 25% to 49% (and maybe higher) of what the class members will receive.

The Court should award total fees and expenses in proportion to the benefit that the Class Members receive which is likely to be significantly less than what is requested here, and should make sure that the lodestar multiplier, if any, is reasonable.

In addition, a significant portion of Class Counsel's fees should be deferred until such time as the Court has received reports indicating the amount of monetary relief that has actually been delivered to the Class.

3. <u>INSUFFICIENT INFORMATION IS AVAILABLE REGARDING THE REASONABLENESS OF THE REQUESTED ATTORNEYS FEES.</u>

In the instant case, the Court cannot ascertain the true value of the benefit to the class until it knows exactly how much cash value is paid out to Class Members rather than some charities. The Court does not know the exact amount that will be paid to the Class Members at this time. Without this information, the Court has no basis for determining what the relief is worth; without knowing the value of the settlement to Class Members, the Court cannot make an independent finding about whether or not the requested fees are fair.

This Court should wait to award attorneys' fees and expense reimbursements until such time as it has had a chance to review the claims actually made to assure it that the attorneys' fees are reasonably related to the actual benefit received by the Class.

Because this is, in effect, a claims-made settlement, with unclaimed benefits going to *cy pres* recipients chosen by Counsel and approved by the Court, the Court should await a report detailing exactly the amount of monetary benefit received by the Class. It should be based on the actual relief received by the Class, not the potential. Therefore, this Honorable Court is urged to wait until it receives a report on actual payments to Class Members before awarding fees.

4. <u>CY PRES DISTRIBUTION</u>

The Settlement Agreement provides that if "the amount of claims Lowe's must pay to Class Members does not reach $3,500,000, the difference between $3,500,000 and

the amount distributed as gift cards to qualifying Claimants shall be treated as a *cy pres* fund to be distributed to a Section 501(c)(3) charitable organization." There is no requirement that the *cy pres* be limited to organizations whose purpose will benefit the class in some way. The amount that is received by this presently unknown organization, whose purpose may not benefit the Class Members at all, should not be considered when determining the appropriate amount of fees to be awarded.

In addition, the Class Members who submit a qualifying claim should directly receive the benefits, and should not go into a *cy pres* fund.

5.      LACK OF FEE PETITION NOTICE

In addition, Class Counsel has not giving the class members adequate notice of their fee petition. As of such date no fee petition, or Motion for Award of Counsel Fees, has been filed. This puts Objector in the unfeasible position of objecting to a Motion for Fees prior to the time that the motion is filed. The Motion for Fees should be filed prior to the time of the objection deadline.

Since Objector did not have an opportunity to review the fee petition prior to the objection deadline, she reserves the right to file additional and supplemental objections after the fee petition is filed.

6.      Objector respectfully adopts and incorporates into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections. Objector also reserves the right to supplement these Objections with other and fuller objections after the fee request is filed.

7.      The class members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, particularly the legal fees that are proposed to be paid.

8. These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector. All of the legally required prerequisites material to these Objections have been met.

9. The Objector hereby declares that she intends to hire Attorney Sam P. Cannata to represent her interests in this matter. Please direct correspondence to him at Law Offices of Sam P. Cannata, 9555 Vista Way, Ste. 200, Cleveland, Ohio 44125; telephone (216) 214-0796; email samcannata@cannataphillipslaw.com.

WHEREFORE, Objector respectfully requests that this Court:

A. Upon proper hearing, sustain these Objections;

B. Continue the **issue of attorneys' fees and expense reimbursement** for a subsequent hearing;

C. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the Settlement and the requested **attorneys' fees and expenses.**

Respectfully submitted,

*Grace M. Cannata*
Grace M. Cannata
Pro Se Objector

## CERTIFICATE OF SERVICE

    I certify that on April 29, 2011, I mailed and filed the foregoing objection by Federal Express Overnight Mail to the **Office of the Clerk of Court, United States District Court for the Southern District of Illinois, Kenneth Gray Federal Building and U.S. Courthouse, 301 West Main Street, Benton, IL 62812** and by ordinary US Mail, first class, postage prepaid to the following addresses:

Settlement Administrator:

Payment Receipt Settlement
P.O. Box 2003
Chanhassen, MN 55317-2003

For the Class:

Phillip A. Bock
Richard J. Doherty
Bock & Hatch LLC
134 N. La Salle Street
Suite 1000
Chicago, IL 60602

For Lowe's:

Kimball R. Anderson
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601


*Grace M. Cannata*
Grace M. Cannata
Pro Se Objector

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

Masters v. Lowe's Home Centers, Inc.

According to our records you made 1 qualifying payment(s) at a Lowe's store on your GE Money Bank account balance. If you disagree with our records, please follow the instructions on the claim form.

To file your claim online:

Password: 0520EE39

Claim Number: 2157537

Payment Receipt Settlement
P.O. Box 2003
Chanhassen, MN 55317-2003

Presorted
First-Class Mail
U.S Postage
PAID
Minneapolis, MN
Permit No. 3648

Postal Service: Please Do Not Mark Barcode

LHC00832DA509

Grace Cannata
23200 Bryden Rd
Beachwood OH 44122-4017

## NOTICE OF PROPOSED SETTLEMENT AND RIGHT TO OPT OUT
*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

The U.S. District Court, Southern District of Illinois has preliminarily approved a class action settlement in Masters v. Lowe's Home Centers, Inc., No. 3:09-CV-255. Class members are: *All past and present holders of Lowe's branded GE Money Bank credit cards who made an in-store payment on their Lowe's branded GE Money Bank credit card balance at a new Lowe's store between January 1, 2005 and December 3, 2006 or at any Lowe's store between December 4, 2006 and March 24, 2008, and who received a receipt for their in-store payment showing more than the last five digits of their account. A new Lowe's store is a Lowe's store opened after January 1, 2005 and is identified in Exhibit A* which is available on the website. This is a summary of your legal rights. Call or visit the website for more details. **What is this about?** The lawsuit claims that Lowe's printed more than the last five digits of credit card numbers on receipts when Class Members made in-store payments on their Lowe's branded GE Money Bank credit card account balances. Lowe's did not print the cardholder's entire account number on these receipts and Lowe's denies that it did anything wrong. The Court has not decided who is right.
**What are my rights?** You are a Class Member and you have the following choices: (1) **Submit a Claim Form:** Submit a claim online or by mail by **September 1, 2011** and you may receive a gift card. The maximum value of the gift card will be $25 if you made one payment on your Lowe's credit card at a Lowe's store, $33 if you made two payments, and $40 if you made three or more payments. If the total amount of approved claims exceeds the $7 million settlement fund, the gift cards' value will be reduced *pro rata*. (2) **Do Nothing:** By doing nothing, you will remain in the class, but you will not receive a gift card. You will be legally bound by all orders and judgments of the Court, and you will not be able to sue, or continue to sue, Lowe's about the same claims in this case. (3) **Exclude Yourself:** If you exclude yourself, you cannot receive a gift card; however you will keep your right to sue Lowe's about the same claims in this case and you will not be bound by any orders or judgments of the Court. To be excluded, you must send a letter to the Settlement Administrator postmarked by **May 2, 2011**, stating that you want to be excluded from the Payment Receipt Settlement. Include your name, address, phone number, and the last four digits of your GE Money Bank account number. (4) **Object:** You may write to the Court about why you are objecting to the settlement. Your objection must be filed by **May 2, 2011** and sent to: The Class: Phillip Bock & Richard Doherty, Bock & Hatch LLC, 134 N. LaSalle St., Suite 1000, Chicago, IL 60602; Lowe's: Kimball Anderson, Winston & Strawn LLP, 35 West Wacker Dr., Chicago, IL 60601; Settlement Administrator: PO Box 2003, Chanhassen, MN 55317-2003. (5) **Go to a hearing:** You may also appear and ask to speak at the Fairness Hearing on **July 14, 2011**. Visit the website, call, or write to the Settlement Administrator for details on how to ask to speak.
**Do I have a lawyer in the case?** The Court appointed attorneys for the Class, but you will not be charged for them. They will be paid up to $1.724 million, if the Court approves that amount. You may hire your own lawyer to represent you at your own expense. If you hire your own lawyer, they must file an appearance by **May 2, 2011**.
**Want more Information?** Visit the website, call, or write to the Settlement Administrator.

**www.paymentreceiptsettlement.com**
**1-866-890-4859**

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS
DORIS J. MASTERS, individually and as the representative of a class of similarly situated persons, Plaintiff,
v. LOWE'S HOME CENTERS, INC., Defendant. Case No. 09-cv-255-JPG-PMF

# DO NOT MAIL.
# THIS IS FOR YOUR RECORDS ONLY.

*LHC00AA3C1094*



2157537



## PROOF OF CLAIM
### DEADLINE FOR SUBMISSION: September 1, 2011.

If you submit a Proof of Claim that is incomplete or inaccurate, it may be rejected, and you will be precluded from obtaining a benefit under the Settlement Agreement.

Please do not mail or deliver this form to the Court or to any of the Parties or their Counsel. In addition, do not telephone the Judge or Clerk of the Court or any representatives of Lowe's.

*To speed processing, please fill out the form in blue or black ink, using block letters, with one letter in each square, as shown:*

| A | B | C | D |   | 1 | 2 | 3 | 4 |

### PART I: CLAIMANT IDENTIFICATION
**[If different from information on Notice and Proof of Claim]**

Name of Claimant (if business or other entity, full name of the entity):

First Name: G R A C E

Last Name: C A N N A T A

If business or other entity, full name of the entity: 

If claimant is business or other entity, name and title of person filing claim on behalf of the entity:

Claimant Street Address: 2 3 2 0 0   B R Y D E N   R D

City: B E A C H W O O D

State/Province: O H

Zip Code: 4 4 1 2 2

Postal Code: 

Country Name/Abbreviation: U S

Claimant telephone contact number(s):
Daytime: 2 1 6 - 5 3 3 - 0 5 2 2
Evening: 2 1 6 - 7 5 1 - 4 5 1 9

Claimant Identification Number From Postcard: 2 1 5 7 5 3 7

*(CONTINUED ON BACK)*

LOW001001



## PART II: CLAIM FOR SETTLEMENT PAYMENT

UNDER THE TERMS OF THE PROPOSED SETTLEMENT, YOU ARE ONLY ELIGIBLE TO RECEIVE THE BENEFIT OF A LOWE'S GIFT CARD FOR EACH TIME YOU MADE A QUALIFYING PAYMENT AT YOUR LOWE'S STORE ON YOUR LOWE'S BRANDED GE MONEY BANK ACCOUNT BALANCE; THE VALUE OF THE GIFT CARD SHALL BE $25 IF YOU MADE ONE QUALIFYING PAYMENT AT A LOWE'S STORE, $33 IF YOU MADE TWO QUALIFYING PAYMENTS AT A LOWE'S STORE, AND $40 IF YOU MADE THREE OR MORE QUALIFYING PAYMENTS AT A LOWE'S STORE OR YOUR *PRO RATA* SHARE THEREFROM (IF THE TOTAL AMOUNT OF APPROVED CLAIMS EXCEEDS $7 MILLION), IF YOU ARE A MEMBER OF THE FOLLOWING SETTLEMENT CLASS:

> All past and present holders of Lowe's branded GE Money Bank credit cards who made an in-store payment on their Lowe's branded GE Money Bank credit card balance at a new Lowe's store between January 1, 2005 and December 3, 2006 or at any Lowe's store between December 4, 2006 and March 24, 2008, and who received a receipt for their in-store payment showing more than the last five digits of their account. A new Lowe's store is a Lowe's store opened after January 1, 2005 and is identified on the list attached to the Agreement as Exhibit A and is available on the website.

IF YOU WOULD LIKE TO OBTAIN THIS BENEFIT, PLEASE COMPLETE **PARTS I AND II** OF THIS CLAIM FORM AND RETURN TO THE SETTLEMENT ADMINISTRATOR.

The number of qualifying in-store payments reflected in our records is indicated to the left of your name and address on the notice. If you disagree with the number of in-store payments listed on your notice or if you did not receive a notice, please indicate below the number of qualifying in-store payments made and provide the receipts for qualifying in-store payments showing more than the last five digits of the Lowe's branded GE Money Bank account number.

I state under penalty of perjury under the laws of the United States of America that the statements below are true:

[CHECK ALL BOXES, IF TRUE]

[✓] I am (or the business that I am making the claim on behalf of is) a member of the Settlement Class as defined above and did not request to be excluded from the Settlement Class. (*check box if true*)

[✓] I am or was (or the business that I am making the claim on behalf of is or was) a holder of a Lowe's branded GE Money Bank credit card between January 1, 2005 and March 24, 2008. (*check box if true*)

[✓] I have (or the business that I am making the claim on behalf of has) made a payment at a new Lowe's store between January 1, 2005, and December 3, 2006 or between December 4, 2006 and March 24, 2008 at any Lowe's store. (*check box if true*)

[✓] The information supplied by me in this Proof of Claim is true and accurate and executed under the pains and penalties of perjury. (*check box if true*)

[✓] Signed Electronically

Date Signed: 04 / 26 / 2011

Print Name
First Name: GRACE
Last Name: CANNATA

**IMPORTANT NOTICE:** If you did not receive a postcard providing you notice of this settlement or you are not on the settlement administrator's list of class members, you may still participate in this settlement *if and only if* you provide proof showing that you are a class member. The only acceptable proof under the settlement is the actual receipts for a payment at a new Lowe's store between January 1, 2005, and December 3, 2006, or at any Lowe's store between December 4, 2006, and March 24, 2008 showing more than the last five digits of the account number.

**THE SETTLEMENT ADMINISTRATOR MAY INVESTIGATE THE VALIDITY OF ANY AND ALL PROOFS OF CLAIM.**

LOW001002

