IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS J. MASTERS, individually and as the representative of a class of similarly situated persons, | ) ) ) Case No. 09-cv-255-JPG-PMF ) |
| Plaintiff, | ) <u>July 14, 2011 Hearing Date (1:30 p.m.)</u> ) |
| v. | ) Judge J. Phil Gilbert ) |
| LOWE'S HOME CENTERS, INC., | ) ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND INCENTIVE PAYMENT TO CLASS REPRESENTATIVE

I.  **Introduction.**

Pursuant to Fed. R. Civ. P. 23 (h), and Fed. R. Civ. P. 54 (d) (2), and Plaintiff's Motion for Final Approval, Class Counsel hereby request that the Court award Plaintiff Doris J. Masters $2,500 for her services as Class Representative. Additionally, Class Counsel request that the Court award them reasonable attorneys' fees and costs in the total amount up to $1,724,000, which Lowe's has agreed to pay. These fees and costs will be paid by Lowe's in addition to the class relief, they were negotiated by the parties with the assistance of a mediator *after* reaching agreement about the class relief, and they are well within the threshold percentages established by Seventh Circuit case law.

II. **The incentive payment to the class representative is reasonable.**

A class representative is entitled to compensation for the expense and effort he or she expended on behalf of the Class. In considering petitions for incentive

1

awards, courts review the following factors: (1) whether class representative(s) took action to protect the interests of class members; (2) whether those actions resulted in a substantial benefit to class members; and (3) the amount of time and effort spent by the class representative(s) in pursuing the litigation. *Spicer v. Chicago Bd. Options Exch.*, 844 F. Supp. 1226, 1266 (N.D. Ill. 1993). The class representative not only initiates the action, but also serves as a fiduciary to the class. In that capacity, the representative has the obligation, among other things, to consult with class counsel concerning the merits of the litigation, to represent the interests of the class as a whole throughout the litigation process, and to respond to opposing counsel's discovery, including depositions. *Huguley v. General Motors Corp.*, 128 F.R.D. 81, 86 (E.D. Mich. 1989), *aff'd*, 925 F.2d 1464 (6th Cir. 1991). The class representative assumes the burdens of litigation that absent class members do not shoulder and does so without promise of reward and with the risk that the litigation may not succeed.

Here, Doris Masters was no exception. As the Class Representative, Ms. Masters was willing to comply with each of the foregoing obligations. She has been an active participant in the litigation underlying this Settlement. But for the initiative of Ms. Masters, the benefits available to all Class members would not have been realized. Because Ms. Masters provided these benefits to the Class, it is appropriate to provide her with additional consideration.

The settlement negotiations were carefully tailored to avoid any conflict between Ms. Masters and the Class. First, the parties did not reach any agreement

on the amount of any incentive allocation until after reaching agreement about the Class benefits, and Ms. Masters did not preface her willingness to accept the settlement upon the payment of any incentives. The parties avoided even the appearance of any conflict. Second, the value of the incentive award is not so substantial as to give rise to even any theoretical conflict. Here, the incentive award is consistent with the special effort and obligation assumed by Ms. Masters. Counsel did not promise the payment of any incentives to Ms. Masters and the matter of such payments is within the discretion of the Court.

Counsel requests that the Court approve payment of an incentive fee of $2,500 to Ms. Masters. This incentive award will be paid by Lowe's and will not be deducted from the benefits conferred upon the Class by the Settlement Agreement. This incentive award is eminently reasonable.

### III. The agreement to pay attorneys' fees and costs is reasonable.

Subject to court approval, Lowe's has agreed to pay fees and costs to Class Counsel in an amount that is reasonable and merits approval. The facts illustrate that there was no collusion, self-dealing, or conflict of interest in the negotiations leading to the parties' agreement concerning these fees. Moreover, the agreed-upon attorneys' fees and costs represent approximately 17% of the total dollar amount Lowe's is paying for claims, fees, and costs. This is well within the range of approval.

### A. Attorneys' fees and costs were properly negotiated.

When reviewing an agreement regarding attorneys' fees and costs, courts should be cognizant of the "opportunities for collusive arrangements in which defendants can pay the attorneys for the plaintiff class enough money to induce them to settle the class action for too little benefit to the class." *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1397 (9th Cir. 1999). Courts should consider whether: (1) attorneys' fees and expenses diminish class relief, and (2) when the parties negotiated or discussed attorneys' fees. *Dehoyos v. Allstate Corp.*, 240 F.R.D. 269, 322-323 (W.D. Tex. 2007). The instant Settlement satisfies both prongs of this test.

### 1. The requested fees do not diminish the Class's benefits.

A court "may award reasonable attorneys' fees and non-taxable costs that are authorized … by the parties' agreement." Fed. R. Civ. P. 23 (h). Where attorneys' fees do not diminish the class benefits, "the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members." *McBean v. City of New York*, 233 F.R.D. 377, 392 (S.D.N.Y. 2006). *See also Dehoyos, supra*, 240 F.R.D. at 322; *Local 56 United Food & Comm. Workers Union v. Campbell's Soup Co.*, 954 F. Supp. 1000, 1005 (D. N.J. 1997). Under such circumstances, "reduc[ing] the award of class counsel's fees … would not confer a greater benefit upon the class, but rather would only benefit [defendant]." *Dehoyos*, 240 F.R.D. at 322.

Here, the parties began negotiating Class Counsel's attorneys' fees and costs only after they had fully negotiated the relief for the Class and entered into a signed term sheet for that class relief. Settlement Agreement, ¶ 2.6 (Doc. 46). The parties agreed that the attorneys' fees and expenses would not reduce benefits available to Class members and that the Class members would not be required to pay any portion of the attorneys' fees and expenses. Therefore, there is no conflict between Class Counsel and the Class, which reduces the need for the Court to assume a fiduciary role in overseeing the requested fee award. *McBean, supra.* Because the attorneys' fees and costs do not diminish class benefits in any way, the request of Class counsel should be approved.

### 2. The attorneys' fees were agreed upon under non-collusive circumstances.

In addition to not diminishing the class relief, Class Counsel's attorneys' fees were not negotiated until after the parties had agreed upon the class relief. To negotiate the class relief, Class Counsel and Lowe's participated in the Seventh Circuit's mediation program and also engaged the services of a Benjamin F. Davis, Jr., a Certified Superior Court Mediator. Only after all parties and the mediator agreed upon Class relief did Class Counsel begin to discuss attorneys' fees and costs. *See generally* Settlement Agreement, ¶ 2.6 (Doc. 46).

Absent any danger of collusion, courts award the attorneys' fees and costs negotiated by the parties. *See, e.g., Cummings v. Connell*, No. CIV. S-99-2176 WBS KJM, 2006 WL 3951867, at *2 (E.D. Cal. Nov. 27, 2006). There is a ***presumption*** of

reasonableness when (1) attorneys' fees and expenses do not diminish class relief, *see supra*, and (2) the parties did not negotiate or discuss attorneys' fees until after an agreement was reached between the parties on all other terms of the settlement. *Dehoyos*, 240 F.R.D. at 322-23. That presumption attaches here.

Along with the presumption of reasonableness, a court should be "reluctant" to substitute its judgment in place of the judgment of the adversarial parties. *In re First Capital Holdings Corp. Financial Product Sec. Litig.*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992). Here, the attorneys' fees were agreed only after tough negotiations with a third-party mediator's assistance, and the money will be paid by Lowe's itself. As the district court explained in *First Capital*:

> The fee was negotiated at arm's length with sophisticated defendants and the attorneys who were intimately familiar with the case, the risks, the amount and value of their time, and the nature of the result obtained for the class. Where there is such arm's length negotiation and there is no evidence of self-dealing or disabling conflict of interest, the Court is reluctant to interpose its judgment as to the amount of attorneys' fees in the place of the amount negotiated by the adversarial parties in the litigation.

*Id.* at *4 (approving $8 million in attorneys' fees negotiated by the parties). *See also Stokes v. Saga Int'l Holidays, Ltd.*, 376 F. Supp. 2d 86, 89 (D. Mass. 2005) (finding that arm's-length negotiations of attorneys' fees "do[es] not have the potential for the evils of extortion and collusion."). Because Lowe's agreed to pay attorneys' fees and costs in addition to the class relief, Lowe's had every incentive to pay as little as possible:

> But where, as here, the amount of the fees is important to the party paying them, as well as to the attorney recipient, it seems to the

reasonableness when (1) attorneys' fees and expenses do not diminish class relief, *see supra*, and (2) the parties did not negotiate or discuss attorneys' fees until after an agreement was reached between the parties on all other terms of the settlement. *Dehoyos*, 240 F.R.D. at 322-23. That presumption attaches here.

Along with the presumption of reasonableness, a court should be "reluctant" to substitute its judgment in place of the judgment of the adversarial parties. *In re First Capital Holdings Corp. Financial Product Sec. Litig.*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992). Here, the attorneys' fees were agreed only after tough negotiations with a third-party mediator's assistance, and the money will be paid by Lowe's itself. As the district court explained in *First Capital*:

> The fee was negotiated at arm's length with sophisticated defendants and the attorneys who were intimately familiar with the case, the risks, the amount and value of their time, and the nature of the result obtained for the class. Where there is such arm's length negotiation and there is no evidence of self-dealing or disabling conflict of interest, the Court is reluctant to interpose its judgment as to the amount of attorneys' fees in the place of the amount negotiated by the adversarial parties in the litigation.

*Id.* at *4 (approving $8 million in attorneys' fees negotiated by the parties). *See also Stokes v. Saga Int'l Holidays, Ltd.*, 376 F. Supp. 2d 86, 89 (D. Mass. 2005) (finding that arm's-length negotiations of attorneys' fees "do[es] not have the potential for the evils of extortion and collusion."). Because Lowe's agreed to pay attorneys' fees and costs in addition to the class relief, Lowe's had every incentive to pay as little as possible:

> But where, as here, the amount of the fees is important to the party paying them, as well as to the attorney recipient, it seems to the

> author of this opinion that an agreement "not to oppose" an application for fees up to a point is essential to completion of the settlement, because the defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged. It is difficult to see how this could be left entirely to the court for determination after the settlement.

*Malchman v. Davis*, 761 F. 2d 893, 905 n.5 (2nd Cir. 1985). *See also Evans v. Jeff D.*, 475 U.S. 717, 734-43 (1986); *Williams v. MGM-Pathe Comm. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (noting that defendants had a responsibility to negotiate to limit attorneys' fees). These negotiations were also "hard fought," as Lowe's bargained as hard as it could to pay the smallest possible fee.

> [W]here the class settlement is concluded before the attorneys' fees issue is tackled, the parties have a far different consideration: what will the court approve if the parties fail to agree and it is left to the court to decide. Each side must make an independent evaluation, and negotiations proceed from there. Thus the amount arrived at is based on the adversary process and any conflict between class counsel and the class is greatly discounted. The defendant has an incentive to pay as few dollars as possible for Plaintiffs' attorneys' fees.

*Henry v. Sears Roebuck & Co.*, 1999 WL 33526866 *1 (N.D. Ill. Aug. 30, 1999) (Leinenweber, J.). As a result, there is no need for this Court to "recreate the market" because an arm's-length negotiation was not only feasible, but actually occurred. In addition to Class Counsel negotiating with a sophisticated defendant and experienced counsel, the parties negotiated the attorneys' fees and costs with the assistance of a Certified Superior Court Mediator, Benjamin F. Davis. "The arm's length negotiation of attorneys' fees under the supervision of a mediator weighs strongly in favor of approval." *McBean*, 233 F.R.D. at 392. *See also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

7

An agreed-upon award of reasonable attorneys' fees and expenses is proper in a class action settlement. *Dehoyos*, 240 F.R.D. at 322. In fact, courts encourage the litigants to resolve fee issues by agreement if possible. *Lobatz v. U.S. W. Cellular, Inc.*, 222 F.3d 1142, 1149-50 (9th Cir. 2000) (affirming award of fees and expenses to be paid separate from class action settlement where defendant agreed not to oppose request up to negotiated amount); *Hanlon, supra*, 150 F.3d at 1029. (upholding $5.2 million attorneys' fees and costs negotiated by the parties after settlement of class relief); *Dehoyos*, 240 F.R.D. at 322-23 (awarding $11.72 million in attorneys' fees and expenses negotiated by the parties). As the Supreme Court has explained, "[a] request for attorneys' fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Ideally, of course, litigants will settle the amount of a fee." *Id.* Other courts have echoed the Supreme Court's encouragement:

> In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandably, sympathetically, and professionally arrive at a settlement as to attorneys' fees. Although a settlement generally leaves every litigant partially dissatisfied, so does a judicial award for attorneys' fees.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974). *See also In re Sony SXRD Rear Projection TV Class Action Litig.*, No. 6 CV 5173, 2008 WL 1956267 at *15 (S.D.N.Y. May 1, 2008) (encouraging the negotiation of fee agreements in class actions).

Here, Class Counsel and Defendants participated in the Seventh Circuit's mediation program and also engaged a private mediator in an attempt to reach a class resolution. Only after all parties and the mediator agreed upon Class relief did Class Counsel begin to discuss attorneys' fees and costs. *See generally* Settlement Agreement, ¶ 2.6 (Doc. 46). As a

result, there is no need for this Court to "recreate the market" because an arm's length negotiation was not only feasible, but actually occurred. In addition to Class Counsel negotiating with a sophisticated defendant and its experienced counsel, ". . . the arm's length negotiation of attorneys' fees under the supervision of a mediator weighs strongly in favor of approval." *McBean*, 233 F.R.D. at 392. *See also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

### B. Even when calculated on a percentage basis, the attorneys' fees are still reasonable.

When a common fund approach is used in a class action settlement, Seventh Circuit precedent supports measuring the attorneys' fees and costs as a percentage of the fund. According to that market-based standard, a fee award of one-third of the settlement fund operates as a benchmark. In gauging the total size of the fund, all benefits to the class, including the administrative costs and attorneys fees, are aggregated. Applying the one-third benchmark to the approximately $9.9 million class benefit here would support a percentage-based fund request of nearly $3.3 million, which is nearly twice the fee negotiated and agreed in this case. Moreover, even if Class Counsel's fees were evaluated pursuant to claims paid to date, the requested attorneys' fees would still be well within the range of approval.

#### 1. The requested fees are within the precedential standard for percentage-based fees.

In a situation involving a common fund settlement, "[t]he object in awarding a reasonable attorney's fee … is to give the lawyer what he would have gotten in the way of a fee in an arm's length negotiation, had one been feasible." *Taubenfeld v. Aon Corp.*, 415 F.3d 597, 599 (7th Cir. 2005). Because adversarial negotiations are

not feasible in common-fund cases, *In re Continental Ill. Sec. Litig.*, 962 F.2d 566, 572-73 (7th Cir. 1992), "courts must do their best to recreate the market...." *Taubenfeld, supra*, 415 F.3d at 599. In those situations, a court must carefully review the award to protect the interests of the absent class members. *McBean, supra*, 233 F.R.D. at 392. Calculating attorneys' fees as a percentage of the recovery serves "not only as an efficient risk-shifting and litigation-financing device but also as a method of more closely aligning the lawyer's interests with those of his client by giving him a stake in a successful outcome." *Gaskill v. Gordon,* 160 F.3d 36, 363 (7th Cir. 1998). In this Circuit, courts have held that attorneys' fees anywhere between one-third, *In re Continental Ill. Sec. Litig.*, 962 F.2d at 572, to two-fifths (40%), *Teamsters Local Union No. 604 v. Inter-Rail Transport, Inc.*, No. 2-CV-1109, 2004 WL768658 at *1 (S.D. Ill. 2004) (Herndon, J.), are reasonable. Here, the negotiated attorneys' fees are less than the attorneys' fees and costs awarded in similar class actions.[1]

---

[1] *See, e.g. Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 997 (N.D. Ind. 2010) (holding that fee award of 33 1/3% was reasonable); *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1033 (N.D. Ill. 2000), *aff'd*, 267 F.3d 743 (7th Cir. 2001) *cert. denied*, 535 U.S. 1018 (2002); *Gaskill, supra*, 942 F.Supp. 382 (N.D. Ill. 1996), *aff'd* 160 F.3d 361 (7th Cir. 1998) (awarding 38% of common fund for attorneys fee); *Family L.P. v. Price Waterhouse LLP*, No. 97 C 7694, 2001 WL 1568856 (N.D. Ill. 2001) (awarding one-third of common fund for attorneys fee); *Gilbert v. First Alert, Inc.*, No. 94 C 6760, 1998 WL 142406 (N.D. Ill. Mar. 24, 1998) (awarding 30% of common fund for attorneys fee); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399 (7th Cir. 2000) (awarding 25% of common fund for attorneys fee*); In re Carmark Int'l Sec. Lit.*, No. 94 C 4751 (N.D. Ill. Dec. 15, 1997) (awarding 33% of common fund for $8,250,000 fee); *In re Nuveen Fund Lit.*, No. 94 C 360 (N.D. Ill. June 3, 1997 (awarding one-third of fund for $8,000,000 fee); *Feldman v. Motorola, Inc.*, No. 90 C 5887 (N.D. Ill. June 28, 1995) (awarding 30% of common fund for

The calculation of attorneys' fees based upon the value of the common class benefit is appropriate regardless of either the existence of an actual fund, *Community Care Centers, Inc. v. Indiana Family & Social Svcs. Admin.*, 716 N.E.2d 519, 546 (Ind. App. 1999); *National Treasury Employees Union v. Nixon*, 521 F.2d 317, 320-21 (D.C. Cir. 1975), or whether the defendant pays attorneys' fees in addition to the class benefit. *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 148 F.3d 283, 329-34 (3d Cir. 1998), *cert. denied*, 525 U.S. 1114 (1999). As one court explained:

> The injunction in this case was in the best interests of the Class as a whole. If the injunction had not been sought and granted, the Class would have been limited to the remedy of pursuing pecuniary damages after the possible determination by the trial court that the implementation of Rule 4.2 was indeed an illegal system. In that instance, there is no question that there would exist a tangible fund against which attorney's fees could be assessed. However, this option would have not operated in the best interest of the Class. … Further, we see no appreciable difference between the fund in this case and the fund which might have been created in the scenario described above where the Class seeks damages after the class members have been harmed. As did the trial court, we decline to punish Class Counsel for acting in the best interests of the Class.

*Community Care Centers, Inc.*, 716 N.E.2d at 546 (affirming $6.25 million attorneys' fee award based upon $65 million class benefit). *See also Johnston v.*

---

$4,500,000 fee); *Spicer, supra*, 944 F. Supp. 1226 (N.D. Ill. 1993) (awarding 29% of common fund for $2,900,000 fee); *Liebhard v. Suare D. Co.*, No. 91 C 1103 (N.D. Ill. June 6, 1993) (awarding one-third of common fund for $2,500,000 fee); *Long v. Transworld Airlines, Inc.*, No. 86 C 7521, 1993 WL 121824 (N.D. Ill. April 19, 1993) (awarding 32% of common fund for $1,304,000 fee); *First Interstate Bank of Nev., N.A. v. National Republic Bank of Chicago,* No. 80 C 6401 (N.D. Ill. Feb. 12, 1988) (awarding 39% of common fund for $1,400,000 fee); *Goldsmith v. Technology Solutions Co.*, No. 92 C 4374, 1995 WL17009594, at *9 (N.D. Ill. Oct. 10, 1995) (awarding one-third of fund for $1,533,333 fee).

*Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996); *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995); *Schwartz v. Citibank (S. Dak.), N.A.*, CV 00-00075 LGB (C.D. Calif. Dec. 14, 2000), *aff'd*, 50 Fed. Appx. 832 (9th Cir. 2002).

A court must first make a "reasonable estimate" of the total value of a class settlement. *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 148 F.3d at 333-34. That value does not depend upon class member participation; rather, the Class's "right to share the harvest of the lawsuit upon proof of their identity, ***whether or not they exercise it***, is a benefit … created by the efforts of the class representatives and their counsel." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480 (1980) (emphasis added). The Supreme Court has rejected arguments that the fee award should only be based on a percentage of actually claimed benefits (as opposed to the total value of benefits available). *Id.* at 477. *See also* Newberg and Conte, NEWBERG ON CLASS ACTIONS, § 14.03 at 14-14 (1992 ed.); *In re Mexico Money Transfer Litig.*, *supra*, 164 F. Supp. 2d at 1034 (declining to adopt objector's proposal to delay award of fees pending a determination of claims).

The value of a class settlement includes the funds available to the class, the cost of notice and settlement administration, and attorneys' fees and costs. *Mangone v. First Bank*, 206 F.R.D. 222, 228 (S.D. Ill. 2001) (finding an additional $12.6 million in class benefit by defendants' agreement to pay attorneys' fees, notice costs, and class settlement administration costs). "The Settlement Value includes awarded legal fees and expenses because even where, as here, 'attorneys' fees are

12

borne by defendants and not plaintiffs ... the attorneys' fees nonetheless are a valuable part of the settlement and thus fairly characterized as part of the common fund.'" *In re Excess Value Ins. Coverage Litig.*, 598 F. Supp. 2d 380, 391 FN19 (S.D.N.Y. 2005), *quoting In re Vitamins Antitrust Litig.,* No. 99-197, MDL 1285, 2001 WL 34312839, at *9 (D.D.C. July 16, 2001); *see also Comerica, supra*, 83 F.3d at 246 ("Although under the terms of each settlement agreement, attorney fees technically derive from the defendant rather than out of the class's recovery, in essence the entire settlement amount comes from the same source. The award to the class and agreement on attorney fees represents a package deal.").

Here, the total value of the Settlement is $9,904,000.00, computed by adding the $7,000,000 available to pay class member claims to the costs of settlement notice and administration ($1,180,000) and attorneys' fees ($1,724,000). Applying the one-third benchmark to the settlement value shows that a fee request of $3,300,000 would be appropriate in this instance. The Class Counsel's requested fees and costs figure of $1,724,000 represents just 17% of the total value of the Settlement and is eminently reasonable. Class Counsel's request is well within the range of approval.

### 2. The requested fees are proper based on the volume of claims submitted.

Even assuming, *arguendo*, that the rate of claims made by the Class were factored into an analysis of Class Counsel's fees, the fees still would be within the range of approval. The Class claims period does not close until September 1, 2011,

but Class Members already have claimed more than $4 million. *See* Declaration of Kelly Bethke, Analytics, Inc., ¶ 13, attached to Plaintiff's Motion for Final Approval as Exhibit B. When combined with the costs of settlement and attorneys' fees, Class Counsel's fees are only approximately 26% of the total, which is well within the range of approved settlements in the Seventh Circuit. Moreover, that already-acceptable percentage continues to decrease as Class member claims continue to be submitted. Class counsel's request for fees and costs should be granted in full.

### C. Attorneys' fees and costs are proper given Class Counsel's efforts.

The Settlement provides exceptional results, and the class members have overwhelmingly supported the Settlement. The experience, reputation, and ability of Class Counsel supports the requested attorneys' fees and costs. With their outstanding attorneys, paralegals, and support staff, Class Counsel have not only recovered substantial sums for consumers, but also changed the legal landscape for consumers. Class Counsel's resumes were previously provided as exhibits to Plaintiff's Motion for Preliminary Approval. (Doc. 42-2). The Court relied on these credentials in appointing the undersigned as Class Counsel at the preliminary approval stage

In addition, this case presented significant risk to Class Counsel. The case involved complex and difficult questions. A class action is generally viewed "as being most complex" type of case. *In re Heritage Bond Lit.*, No. 2-ML-1475, 2005 WL 1594403 at *6 (C.D. Cal. June 10, 2005). A "complex national class action requires unique legal skills and abilities." *In re Omnivision Techn., Inc.*, 559

F.Supp.2d 1036, 1047 (N.D. Cal. 2008). Class Counsel have substantial experience in class action litigation. Class Counsel committed substantial resources to the investigation, prosecution, settlement, and supervision of this case, precluding them from pursuing other opportunities.

Class Counsel undertook this case on a contingent basis with the expectation that a favorable result will produce an enhanced fee, and was prepared to take this case through trial and/or appeals if that would have been in the best interests of the class. As one court noted, cases are increasingly more undesirable for attorneys "who regularly accepts employment on a contingent fee basis." *Gomez v. Gates*, 804 F. Supp. 69, 79 (C.D. Cal. 1992). Courts have recognized that class counsel carry "the financial burden of the case, effectively prosecuting it and, by reason of their expert handling of the case, achieving a just settlement for the class." *John* v. *Torrisi*, 8 F.3d 1370, 1377 (9th Cir. 1993). "If this 'bonus' methology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing." *Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th Cir. 1994). One district court explained as follows:

> No one expects a lawyer whose compensation is contingent on success of his services to charge, when successful, as little as he would charge a client who in advance has agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended.

*In Re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 396 (S.D.N.Y. 1999). Indeed, class counsel prosecute class action cases on a double contingency basis—they must prevail on class certification, prevail on the merits of the claim, and then collect what they win. *Torrisi*, 8 F.3d at 1377. Class counsel should not receive a lesser fee for settling a case quickly. *Steiner v. American Broadcasting Co., Inc.* 248 Fed. Appx. 780 (9th Cir. 2007). These principles apply with equal force in this case.

## CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that this Court award Ms. Masters the negotiated incentive payment of $2,500, and award Class Counsel their reasonable and negotiated attorneys' fees and costs in the total amount up to $1,724,000.

Dated: July 1, 2011					Respectfully submitted,

							s/Richard J. Doherty
							One of Plaintiff's Counsel

Phillip A. Bock
Richard J. Doherty
Bock & Hatch, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602

Robert W. Schmieder II
Marc W. Parker
LakinChapman, LLC
300 Evans Drive
P.O. Box 229
Wood River, IL 62095

Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

<u>**CERTIFICATE OF SERVICE**</u>

       The undersigned attorney hereby certifies that, on July 1, 2011, he electronically filed the foregoing *Plaintiff's Motion for Award of Attorneys' Fees and Expenses and Incentive Payment to Class Representative* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys who have appeared in this matter:

<u>**For Defendant:**</u>
Kimball R. Anderson
Kathleen B. Barry
Winston & Strawn - Chicago, IL
35 West Wacker Drive
Chicago, IL 60601-9703
312-558-5858
312-558-5700 (fax)

Gordon R. Broom
Troy A. Bozarth
HeplerBroom LLC - Edwardsville
130 North Main Street
P.O. Box 510
Edwardsville, IL 62025
618-656-0184
618-656-1364 (fax)


<u>**For Plaintiff:**</u>
Robert W. Schmieder, II
Marc W. Parker
Mark L. Brown
LakinChapman, LLC
300 Evans Avenue
P. O. Box 229
Wood River, IL 62095
618-254-1127
618-254-0193 (fax)

                                         <u>/s Richard J. Doherty</u>