IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS J. MASTERS, individually and as the representative of a class of similarly situated persons ) ) ) | **FILED** JUL 25 2011 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS EAST ST. LOUIS OFFICE |
| ) | Case No. 09-cv-255-JPG-PMF |
| Plaintiff, ) | Judge J. Phil Gilbert |
| ) | |
| v. ) | |
| ) | **NOTICE OF APPEAL** |
| LOWE'S HOME CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |

Notice is hereby given that Grace M. Cannata, non-named member of the Class who objected in this case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Order of Final Approval (Document no. 63) entered in this action on July 14, 2011. A copy of the Order is attached hereto.

Respectfully submitted,

/s/ Sam P. Cannata

Sam P. Cannata (Ohio 0078621)
Cannata Phillips LPA, LLC
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Tel: (216) 438-5091
Fax: (216) 587-0999
samcannata@cannataphillipslaw.com

1

## CERTIFICATE OF SERVICE

I certify that on July 22, 2011, I mailed and filed the foregoing objection by Federal Express Overnight Mail to the **Office of the Clerk of Court, United States District Court for the Southern District of Illinois, Kenneth Gray Federal Building and U.S. Courthouse, 301 West Main Street, Benton, IL 62812** and by ordinary US Mail, first class, postage prepaid to the following addresses:

For the Class:

Phillip A. Bock
Richard J. Doherty
Bock & Hatch LLC
134 N. La Salle Street
Suite 1000
Chicago, IL 60602

Marc W. Parker
Robert W. Schmieder, II
LakinChapman, LLC
300 Evens Avenue
P.O. Box 229
Wood River, IL 62095

For Lowe's:

Kimball R. Anderson
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

Gordon R. Broom
HeplerBroom LLC
130 North Main Street
P.O. Box 510
Edwardsville, IL 62025-0510

Sam P. Cannata (Ohio 0078621)
Cannata Phillips LPA, LLC
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Tel: (216) 438-5091
Fax: (216) 587-0999
samcannata@cannataphillipslaw.com

2

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS J. MASTERS, individually and as the representative of a class of similarly situated persons, | ) ) ) ) Case No. 09-cv-255-JPG-PMF ) |
| Plaintiff, | ) July 14, 2011 Hearing Date (1:30 p.m.) ) |
| v. | ) Judge J. Phil Gilbert ) |
| LOWE'S HOME CENTERS, INC., | ) ) |
| Defendant. | ) |

### ORDER OF FINAL APPROVAL

THIS MATTER is before the Court upon Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Dkt. No. 57]. The Court has carefully reviewed this Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff Doris J. Masters ("Masters") has submitted for final approval a proposed settlement of this class action, which is unopposed by Defendant Lowe's Home Centers, Inc. ("Defendant" or "Lowe's"). Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement and the Amendment To Settlement Agreement (collectively the "Settlement Agreement").

By an Order of Preliminary Approval [Dkt. No. 47] dated January 11, 2011 and a Supplemental Order Of Preliminary Approval [Dkt. No. 51] dated March 11, 2011 (collectively the "Order of Preliminary Approval"), the Court preliminarily approved the proposed Settlement Agreement and Amendment To Settlement Agreement by the Parties based on the terms and conditions of the Unopposed Motion for Preliminary Approval of the Settlement Agreement [Dkt. No. 42] (the "Motion for Preliminary Approval"), the Settlement Agreement [Dkt. No. 46],

-1-

the Amendment To Settlement Agreement [Dkt. No. 49, Exhibit 1], and the Agreed Motion To Amend The Settlement Agreement [Dkt. No. 49], subject to further consideration at the Final Settlement and Fairness Hearing conducted on July 14, 2011. In its Order of Preliminary Approval, the Court conditionally certified the cases to proceed as a class action for settlement purposes only and temporarily certified Plaintiff as representative of the following class:

> All past and present holders of Lowe's branded GE Money Bank credit cards who made an in-store payment on their Lowe's branded GE Money Bank credit card balance at a new Lowe's store between January 1, 2005 and December 3, 2006 or at any Lowe's store between December 4, 2006 and March 24, 2008, and who received a receipt for their in-store payment showing more than the last five digits of their account. A new Lowe's store is a Lowe's store opened after January 1, 2005 and is identified on the list attached to the Agreement as Exhibit A.

The Court also ordered that the NOTICE OF PROPOSED SETTLEMENT AND RIGHT TO OPT OUT, attached as Exhibit C to the Amendment To Settlement Agreement (the "Notice of Proposed Settlement"), be mailed no later than April 1, 2011.

On July 14, 2011, the Court conducted a Fairness Hearing to determine:

    a.    Whether the Court should certify the Settlement Class and whether Plaintiff and her counsel have adequately represented the Class Members;

    b.    Whether the Settlement Agreement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

    c.    Whether the Lawsuit should be dismissed on the merits and with prejudice as to Lowe's;

    d.    Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Lawsuit against Lowe's, Lowe's Affiliates, GE Money Bank, and the Released Parties;

    e.  Whether the application for attorneys' fees and expenses to be submitted by Class Counsel in connection with the final settlement hearing to which Lowe's does not oppose should be approved; and

    f.  Whether the application for an incentive award to Plaintiff to be submitted in connection with the final settlement hearing to which Lowe's does not oppose should be approved.

  All interested persons were afforded the opportunity to be heard. The Court has duly considered all of the submissions and arguments presented on the proposed Settlement Agreement. After due deliberation and for the reasons set out below, the Court has determined that the Settlement Agreement is fair, reasonable, and adequate and should therefore be approved.

  Accordingly, after due consideration, it is

  **ORDERED AND ADJUDGED** that Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Dkt. No. 57] be approved and the same is hereby **GRANTED** as follows:

  1.  On July 14, 2011, the Court held a Fairness Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement Agreement. In reaching its decision in this case, the Court considered the Parties' Settlement Agreement, the Court file in this case, and the presentations by Class Counsel on behalf of the Plaintiff and the Class and counsel for Lowe's in support of the fairness, reasonableness, and adequacy of the Settlement Agreement.

  2.  As recognized in the Order of Preliminary Approval [Dkt. Nos. 47 and 51], the Court previously certified a class for settlement purposes only, pursuant to Federal Rules of Civil

Procedure 23(a) and (b)(3).

3. The Court hereby affirms its decision certifying that class and approving the Settlement Agreement. The Court finds that the requirements for approving a settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been met.

4. In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice Of Proposed Settlement And Right To Opt Out to the Class Members satisfied the requirements of due process. The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement Agreement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement or the Fairness Hearing.

5. Upon reviewing all of the circumstances and evidence including without limitation, the Declaration of Kelley Bethke, the Declaration of Julie Schechter, and the Declaration of Michael Tummillo, the Court has determined that the Settlement Agreement is fair, reasonable, and adequate and should be approved. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006). The factors considered are: (1) the strength of the plaintiff's case on the merits compared to the amount of the settlement; (2) the defendant's ability to pay; (3) the likely complexity, length and expense of further litigation; (4) opposition to the settlement from members of the class; (5) evidence of collusion; (6) opinions of counsel; (7) the stage of the proceedings and the amount of discovery completed at the time of settlement; and (8) the public interest. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

The Court has considered the submissions of the Parties, and the confirmatory discovery conducted in this case, along with the Court file, all of which show that there remains substantial

risk and uncertainty in Plaintiff and the Settlement Class ultimately prevailing on their claims. Given the considerable open issues, the benefits available directly to the Class Members represent an excellent result that can be summarized as follows:

The Settlement Agreement requires that a claims procedure be established pursuant to which all Class Members who timely file a valid Proof of Claim by the Claims Submission Deadline shall be entitled to receive a gift card from Lowe's. The value of the Lowe's gift card shall be $25 if the Claimant made one payment at a Lowe's store on his/her GE Money Bank Account balance, $33 if the Claimant made two payments at a Lowe's store on his/her GE Money Bank Account balance, and $40 if the Claimant made three or more payments at a Lowe's store on his/her GE Money Bank Account balance. The amount of a Claimant's gift card will be reduced if the total claims made by Claimants exceed $7,000,000. In the event that the total claims made by Claimants exceed $7,000,000, the Claimants shall share *pro rata* on the same basis, with the order of priority going to providing each Claimant with a $25 gift card or their *pro rata* share, then providing each Claimant, who made two or more payments, a $33 gift card or their *pro rata* share, and finally providing each Claimant, who made three or more payments, a $40 gift card or their *pro rata* share. To determine the value of the gift cards for each Claimant, the Settlement Administrator shall identify the number of Claimants making only one payment at a Lowe's store ("Group One Claimants"), the number of Claimants making only two payments at a Lowe's store ("Group Two Claimants"), and the number of Claimants making three or more payments at a Lowe's store ("Group Three Claimants"). The value of the gift cards for each of these groups shall be determined by the Settlement Administrator based on the following formula:

a. <u>Step A</u>. If $7,000,000 divided by the total number of Claimants is less than or equal to $25, all Claimants will receive a gift card equal to the the amount obtained by dividing $7,000,000 by the number of Claimants ("Step A Result"). The Settlement Administrator shall proceed to Step B only if the Step A Result is greater than $25.

b. <u>Step B</u>. If the Step A Result is greater than $25, all Group One Claimants will receive a $25 gift card. The Settlement Administrator then will multiply $25 by the number of Group One Claimants, subtract this product from $7,000,000, and divide the difference by the number of Group Two Claimants plus the number of Group Three Claimants ("Step B Result"). If the Step B Result is less than or equal to $33, all Group Two Claimants and Group Three Claimants will receive a gift card for an amount equal to the Step B Result. The Settlement Administrator shall proceed to Step C only if the Step B Result is greater than $33.

c. <u>Step C</u>. If the Step B Result is greater than $33, all Group One Claimants will receive a $25 gift card and all Group Two Claimants will receive a $33 gift card. The Settlement Administrator then will multiply $25 by the number of Group One Claimants and multiply $33 by the number of Group Two Claimants. The sum of the two products calculated in the previous sentence will be subtracted from $7,000,000 and the difference will be divided by the number of Group Three Claimants ("Step C Result"). If the Step C Result is less than $40, all Group Three Claimants will receive a gift card for an amount equal to the Step C Result. If the Step C Result is greater than or equal to $40, all Group Three Claimants will receive a $40 gift card.

The following chart shows how the formula above operates:

| **Formula** | **Gift Card Amount** |
|---|---|
| Step A Result = $7,000,000 / (Group One Claimants + Group Two Claimants + Group Three Claimants). | If Step A Result is less than or equal to $25, all Claimants receive a gift card with a value of the Step A Result. The formula stops. |
| | If Step A Result is greater than $25, Group One Claimants receive a gift card of $25, and the formula continues to determine the value of the gift cards for Group Two and Group Three Claimants. |
| Step B Result = ($7,000,000 – (Group One Claimants x $25)) / (Group Two Claimants + Group Three Claimants). | If Step B Result is less than or equal to $33, all Group Two and Group Three Claimants receive a gift card with a value of the Step B Result. The formula stops. |
| | If Step B Result is greater than $33, Group One Claimants receive a gift card of $25, Group Two Claimants receive a gift card of $33, and the formula continues to determine the value of the gift card for Group Three Claimants. |
| Step C Result = ($7,000,000 – ((Group One Claimants x $25) + (Group Two Claimants x $33))) / Group Three Claimants. | If Step C Result is less than or equal to $40, all Group Three Claimants receive a gift card with a value of the Step C Result. |
| | If Step C Result is greater than $40, Group One Claimants receive a gift card of $25, Group Two Claimants receive a gift card of $33, and Group Three Claimants receive a gift card of $40. |

Further, the Settlement Agreement provides that Lowe's has assumed financial responsibility for providing notice of the Settlement Agreement to Class Members and administration of the Settlement Agreement.

6. If the case were to proceed without the Settlement Agreement, the possible resulting trial would be complex, lengthy, and very expensive. The Settlement Agreement eliminates a substantial risk that the Class Members would walk away "empty-handed" after the

conclusion of such appeals and/or trial. Absent the Settlement Agreement, because of the resulting motion practice, trial, and appeals, it could be years before Class Members would see any benefit whatsoever, even if they were to prevail on the merits, which might not produce a better recovery than they have achieved in this Settlement Agreement. *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 335, 340 (D.S.C. 1991). The Court is satisfied that the provisions of the Settlement Agreement are of benefit to the Class Members.

7. The Court finds that there were 4 objections filed to the Settlement Agreement and that those objections were without merit.

8. In addition to finding the terms of the proposed Settlement Agreement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement Agreement's terms, and that all negotiations were made at arm's-length. Furthermore, the terms of the Settlement Agreement make it clear that the process by which the Settlement Agreement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel.

9. This Order shall be binding on all Settlement Class Members. All Settlement Class Members hereby release and discharge Lowe's, Lowe's Affiliates, GE Money Bank, and the Released Parties (as defined in the Settlement Agreement) from all "Released Claims," where "Released Parties" is defined herein and in the Settlement Agreement preliminarily approved by this Court in its Order of Preliminary Approval [Dkt. Nos. 47 and 51] as:

> any and all claims or causes of action of any nature whatsoever, including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including without limitation statutory, common law, property, and equitable claims), and also including Unknown Claims, that have

been or could have been asserted against the Released Parties in the Lawsuit, or in any other complaint, action, or litigation in any other court or forum based upon or in any way relating to the Lawsuit.

Further, this release and discharge also includes:

any and all claims that Plaintiff and the Settlement Class do not know or suspect to exist at the time of the release, which if known, might have affected Plaintiff's and the Settlement Class' decision to enter into the release, Plaintiff and the Settlement Class shall be deemed to relinquish, to the extent it is applicable, and to the full extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code. Plaintiff and the Settlement Class shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542.

10. All Class Members are hereby barred and permanently enjoined from asserting any of the Released Claims against Lowe's, Lowe's Affiliates, GE Money Bank, and the Released Parties in any court or forum whatsoever, and the Lawsuit is dismissed on the merits, with prejudice and without costs to any party, except as provided herein.

11. The Court finds that the law firms preliminarily approved as Class Counsel in its prior Order of Preliminary Approval [Dkt. Nos. 47 and 51], are competent and experienced attorneys and have adequately and aggressively represented the interests of the Class Members. The Court therefore certifies and appoints the law firms of Bock & Hatch, LLC, LakinChapman, LLC, and Anderson + Wanca to serve as Class Counsel on behalf of the Class.

12. The Court hereby certifies Plaintiff Masters as Class Representative of the Class

defined herein. The terms of the Settlement Agreement provide that Lowe's will pay an incentive award to Plaintiff, and the Court hereby awards the named Class Representative an incentive award of $2,500.

13. The Court hereby awards Plaintiff's counsel $1,724,000.00 in attorneys' fees and expenses.

14. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order.

15. Without affecting the finality of this Final Approval Order, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement Agreement.

**DONE AND ORDERED** in the Southern District of Illinois on July 14, 2011.


s/ J. Phil Gilbert
UNITED STATES DISTRICT JUDGE
Honorable J. Phil Gilbert