UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS J. MASTERS, *individually and as the representative of a class of similarly situated persons*, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, INC., *doing business as* Lowe's, <br><br> Defendant. | Case No. 09-cv-255-JPG-PMF |

## **JUDGMENT**

This matter having come before the Court, and all parties having stipulated to dismissal,

IT IS HEREBY ORDERED AND ADJUDGED that the claims of Plaintiff Doris Masters and the class defined as

> All past and present holders of Lowe's branded GE Money Bank credit cards who made an in-store payment on their Lowe's branded GE Money Bank credit card balance at a new Lowe's store between January 1, 2005 and December 3, 2006, or at any Lowe's store between December 4, 2006 and March 24, 2008, and who received a receipt for their in-store payment showing more than the last five digits of their account. A new Lowe's store is a Lowe's store opened after January 1, 2005 and is identified on the list attached to the Settlement Agreement as Exhibit A.

are dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the parties are permanently enjoined to abide by the Settlement Agreement, the relevant parts of which are set forth below.

# SETTLEMENT AGREEMENT

In consideration of the extensive arms-length negotiations between the parties, which primarily occurred at the Seventh Circuit Court of Appeals with the assistance of an experienced mediator, and other good and valuable consideration, **IT IS HEREBY STIPULATED AND AGREED** by and between the parties that this lawsuit shall be compromised and settled — on a class-wide basis — on the following terms and conditions.

**I.     Settlement Class.**

The following Class is certified pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All past and present holders of Lowe's branded GE Money Bank credit cards who made an in-store payment on their Lowe's branded GE Money Bank credit card balance at a new Lowe's store between January 1, 2005 and December 3, 2006, or at any Lowe's store between December 4, 2006 and March 24, 2008, and who received a receipt for their in-store payment showing more than the last five digits of their account. A new Lowe's store is a Lowe's store opened after January 1, 2005 and is identified on the list attached to the Settlement Agreement as Exhibit A.

**II.    Relief to Class Members and Notice Thereof.**

Lowe's has established a claims procedure pursuant to which all Class Members who timely file a valid Proof of Claim by the Claims Submission Deadline as determined pursuant to the Settlement Agreement shall be entitled to receive a gift card from Lowe's. The value of the Lowe's gift card shall be $25 if the Claimant made one payment at a Lowe's store on his/her GE Money Bank Account balance, $33 if the Claimant made two payments at a Lowe's store on his/her GE Money Bank Account balance, and $40 if the Claimant made three or more payments at a Lowe's store on his/her GE Money Bank Account balance. The amount of a Claimant's gift

card will be reduced if the total claims made by Claimants exceed $7,000,000. In the event that the total claims made by Claimants exceed $7,000,000, the Claimants shall share *pro rata* on the same basis, with the order of priority going to providing each Claimant with a $25 gift card or their *pro rata* share, then providing each Claimant who made two or more payments a $33 gift card or their *pro rata* share, and finally providing each Claimant who made three or more payments a $40 gift card or their *pro rata* share. To determine the value of the gift cards for each Claimant, the Settlement Administrator shall identify the number of Claimants making only one payment at a Lowe's store ("Group One Claimants"), the number of Claimants making only two payments at a Lowe's store ("Group Two Claimants"), and the number of Claimants making three or more payments at a Lowe's store ("Group Three Claimants"). The value of the gift cards for each of these groups shall be determined by the Settlement Administrator based on the following formula:

    a. Step A. If $7,000,000 divided by the total number of Claimants is less than or equal to $25, all Claimants will receive a gift card equal to the amount obtained by dividing $7,000,000 by the number of Claimants ("Step A Result"). The Settlement Administrator shall proceed to Step B only if the Step A Result is greater than $25.

    b. Step B. If the Step A Result is greater than $25, all Group One Claimants will receive a $25 gift card. The Settlement Administrator then will multiply $25 by the number of Group One Claimants, subtract this product from $7,000,000, and divide the difference by the number of Group Two Claimants plus the number of Group Three Claimants ("Step B Result"). If the Step B Result is less than or equal to $33, all Group

3

Two Claimants and Group Three Claimants will receive a gift card for an amount equal to the Step B Result. The Settlement Administrator shall proceed to Step C only if the Step B Result is greater than $33.

c. Step C. If the Step B Result is greater than $33, all Group One Claimants will receive a $25 gift card and all Group Two Claimants will receive a $33 gift card. The Settlement Administrator then will multiply $25 by the number of Group One Claimants and multiply $33 by the number of Group Two Claimants. The sum of the two products calculated in the previous sentence will be subtracted from $7,000,000 and the difference will be divided by the number of Group Three Claimants ("Step C Result"). If the Step C Result is less than or equal to $40, all Group Three Claimants will receive a gift card for an amount equal to the Step C Result. If the Step C Result is greater than $40, all Group Three Claimants will receive a $40 gift card.

The following chart shows how the formula described above operates:

| Formula | Gift Card Amount |
|---|---|
| Step A Result = $7,000,000 / (Group One Claimants + Group Two Claimants + Group Three Claimants) | If the Step A Result is less than or equal to $25, all Claimants receive a gift card with a value of the Step A Result. No further calculations are made. <br> If the Step A Result is greater than $25, Group One Claimants receive a gift card of $25, and the calculation continues to determine the value of the gift cards for Group Two and Group Three Claimants. |
| Step B Result = ($7,000,000 – (Group One Claimants x $25)) / (Group Two Claimants + Group Three Claimants) | If the Step B Result is less than or equal to $33, all Group Two and Group Three Claimants receive a gift |

|  | card with a value of the Step B Result. No further calculations are made. If the Step B Result is greater than $33, Group One Claimants receive a gift card of $25, Group Two Claimants receive a gift card of $33, and the calculation continues to determine the value of the gift card for Group Three Claimants. |
|---|---|
| Step C Result = ($7,000,000 – ((Group One Claimants x $25) + (Group Two Claimants x $33))) / Group Three Claimants | If the Step C Result is less than or equal to $40, all Group Three Claimants receive a gift card with a value of the Step C Result. If the Step C Result is greater than $40, Group One Claimants receive a gift card of $25, Group Two Claimants receive a gift card of $33, and Group Three Claimants receive a gift card of $40. |

Lowe's has assumed financial responsibility for providing notice of the Settlement Agreement to Class Members and administration of the Settlement Agreement.

### III. Incentive Award and Attorneys' Fees.

The Court awards Doris Masters an incentive award of $2,500.00 for her service as class representative and awards Class Counsel $1,724,000.00 in attorneys' fees and expenses. Lowe's is not obligated to pay the incentive award or any attorneys' fees until ten (10) days after the Effective Date of the Settlement Agreement.

"Effective Date" means the later of: (a) thirty (30) days after the entry of this Judgment, if no motion is filed that extends the time for filing a Notice of Appeal and if no Notice of Appeal is timely filed; (b) if a motion is filed that extends the time for filing an appeal, thirty (30) days after final disposition of such motion if no Notice of Appeal is timely filed; or (c) if a timely appeal is taken from such Final Order and Judgment, the date upon which all appeals,

including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date of the expiration of the time to initiate such petitions or proceedings.

**IV.     Release of Claims and Injunction.**

"Released Claims" means any and all claims or causes of action of any nature whatsoever, including but not limited to any claim for violations of federal, state, or other law (whether in contract, tort, or otherwise, including without limitation statutory, common law, property, and equitable claims), and also including Unknown Claims, that have been or could have been asserted against the Released Parties in the Lawsuit, or in any other complaint, action, or litigation in any other court or forum based upon or in any way relating to the Lawsuit.

"Released Parties" means Lowe's and its Affiliates, and their past or present directors, officers, employees, partners, principals, agents, heirs, executors, administrators, successors, reorganized successors, subsidiaries, divisions, parents (including, but not limited to, Lowe's Companies, Inc.), related or affiliated entities (including, but not limited to, Lowe's HIW, Inc.), authorized dealers, underwriters, issuers, insurers, co-insurers, re-insurers, parents, subsidiaries, licensees, divisions, joint ventures, assigns, associates, attorneys, and controlling shareholders and GE Money Bank and its past or present directors, officers, employees, partners, principals, agents, heirs, executors, administrators, successors, reorganized successors, subsidiaries, divisions, parents, related or affiliated entities, authorized dealers, underwriters, issuers, insurers, co-insurers, re-insurers, parents, subsidiaries, licensees, divisions, joint ventures, assigns, associates, attorneys, and controlling shareholders.

"Unknown Claims" means any and all Released Claims that any Class Member does not know or suspect to exist against any of the Released Parties but which, if known, might have materially altered his or her decision regarding this Agreement.

Plaintiff and each Class Member who did not timely exclude himself/herself from the Class, including any other person acting on his/her behalf or for his/her benefit, have, and by operation of this Judgment shall have, released, waived, and discharged the Released Parties from the Released Claims as defined above, and expressly waived and relinquished the Released Claims, to the fullest extent permitted by law. Plaintiff or Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff and each Class Member have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled, released, and discharged the Released Parties from any and all Released Claims, including any Unknown Claims.

Further, this Judgment releases and discharges the Released Claims and any and all claims that Plaintiff and the Settlement Class do not know or suspect to exist at the time of the release, which, if known, might have affected Plaintiff's or the Settlement Class' decision to enter into the release. Plaintiff and the Settlement Class relinquish, to the extent it is applicable, and to the full extent permitted by law, the provisions, rights, and benefits of section 1542 of the California Civil Code, and Plaintiff and the Settlement Class shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code section 1542.

All Class Members are hereby barred and permanently enjoined from asserting any of the Released Claims against Lowe's, Lowe's Affiliates, GE Money Bank, and the Released Parties in any court or forum whatsoever, and the Lawsuit is dismissed on the merits, with prejudice and without costs to any party, except as provided herein.

FINALLY, IT IS ORDERED AND ADJUDGED that the Court retains jurisdiction to enforce the foregoing injunction.

**DATED: July 27, 2011**                          **NANCY ROSENSTENGEL**

                                                            **By:s/Deborah Agans, Deputy Clerk**

**Approved:**     s/ J. Phil Gilbert
                    **J. PHIL GILBERT**
                    **DISTRICT JUDGE**