IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DORIS J. MASTERS, individually and on behalf of a class of similarly situated Individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:09-CV-255 |
| v. | ) ) | |
| LOWE'S HOME CENTERS, INC., | ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR APPELLATE COST BOND

Plaintiff, Doris J. Masters, individually and on behalf of a class of similarly situated individuals, pursuant to Fed.R.App. 7, respectfully requests that the Court require Objector Grace Cannata ("Ms. Cannata"), and/or her counsel, Sam Cannata ("Mr. Cannata") (collectively "the Cannatas"), to post an appellate cost bond in the amount of $5,000.00. Mr. Cannata is a "serial objector" whose demonstrably frivolous objection was made in bad faith, and the Class is entitled to protection against the costs likely to be incurred as a result of his similarly abusive appeal. In support of this motion, Plaintiff states:

### PERTINENT PROCEDURAL HISTORY

1. The parties to this action under the Fair and Accurate Credit Transactions Act ("FACTA") engaged in very hard fought litigation which, with the assistance of two highly skilled mediators, resulted in a record-setting class action settlement providing more substantial relief to the Class than has been obtained in any other FACTA class action. Under the settlement, Defendant must provide class members with fully transferrable gift cards worth at least $25, and in the majority of instances $40, and must create a settlement fund of $7 million for the benefit of the Class. This relief is in addition to the benefit conferred on the Class by virtue of Defendant being required to pay the costs of notice, settlement administration, and attorneys' fees separately from (and without diminishing) the other agreed class relief.

2. On July 14, 2011, the Court held a hearing on Plaintiff's Motion for Final Approval of Class Action Settlement (Doc. 57), and it entered its Order of Final Approval granting the motion on the same date (Doc. 63).

3. Among the items the Court considered in connection with the Order of Final Approval was Ms. Cannata's Objection to the proposed class action settlement (Doc. 55), which the Court overruled in granting final approval of the class action settlement.

4. Ms. Cannata was afforded an opportunity to appear at the final approval hearing, either in person or through Mr. Cannata. She chose to do neither; instead, Mr. Cannata had multiple telephonic communications with Plaintiff's counsel that day in which he offered to withdraw Ms. Cannata's objection in exchange for the payment of attorneys' fees to Mr. Cannata. Because Mr. Cannata's request for payment was ethically dubious, and because Ms. Cannata's objections were completely devoid of merit in any event, Plaintiff's counsel declined this invitation.

5. On July 25, 2011, before the Court's Judgment was entered on July 27 (Doc. 67), Mr. Cannata filed a premature Notice of Appeal (Doc. 64).

## COST BONDS AUTHORIZED BY RULE 7

6. Rule 7 of the Federal Rules of Appellate Procedure provides:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

7. The purpose of Rule 7 is to protect an appellee against the risk of nonpayment by an unsuccessful appellant. *In re Initial Public Offering Sec. Litig.*, 728 F.Supp.2d 289, 292 (S.D.N.Y. 2010) (Scheindlin, J.), citing *Adsani v. Miller*, 139 F.3d 67, 70 (2d Cir. 1998). "A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Adsani* at 79. "The power to impose an appeal bond under Rule 7 has been specifically given to the discretion of the district court. See Rule 7, Fed.R.App.P." *Id.*

8. The types of costs that may be awarded under Rule 7 include — at a minimum —

those costs described in 28 U.S.C. § 1920 and Rule 39, Fed.R.App.P., such as the costs of copying briefs and appendices, preparation and transmission of the record on appeal, and obtaining the court reporter's transcript. *See*, *e.g.*, *In re Cardizem Antitrust Litig.*, 391 F.3d 812, 816 n.3 (6th Cir. 2004); *Adsani v. Miller*, 139 F.3d 67, 74 (2nd Cir. 1998); Fed.R.App. 39; 28 U.S.C. § 1920. It is only these categories of explicitly enumerated costs for which Plaintiff requests that the Cannatas be required to post a bond.

9. Some courts have held that damages resulting from delay or disruption of settlement administration caused by frivolous or vexatious appeals may be appropriate where the relevant underlying statute provides for an award of costs incident to delay on appeal. *See*, *e.g.*, *In re Initial Public Offering Sec. Litig.*, 728 F.Supp.2d 289, 293 n.13 (S.D.N.Y. 2010), citing *In re Air Cargo Shipping Servs. Antitrust Litig.*, 2010 WL 1049269, *2 (E.D.N.Y. 2010). A bond sufficient to cover the interest on the class relief pending appeal would be Plaintiff's first request if FACTA were such a statute. Unfortunately, FACTA has no separate interest provision, so interest is not included in the bond Plaintiff requests.[1]

10. In addition, several courts have held that a Rule 7 bond may include the anticipated attorneys' fees on appeal. *See Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007) (summarizing cases and detailing the majority rule, as announced by the First, Second, Sixth, and Eleventh Circuits, which permits Rule 7 bond to included anticipated attorneys' fees on appeal). The Seventh Circuit has not addressed this issue but, in any event, Plaintiff's requested bond does not include anticipated attorneys' fees.

11. In addition, Rule 38, Fed.R.App.P., provides that if the court of appeals determines

---

[1] The "Report on the Business of the Federal Courts of the Seventh Circuit" published by the Seventh Circuit indicates that the median time for disposition of civil appeals in the Seventh Circuit in 2010 was 10.6 months from the date of filing the notice of appeal. (7th Cir. Annual Report at Table 9, available at http://www.ca7.uscourts.gov/rpt/statistics.htm.) Assuming the Cannatas' appeal lasts 10.6 months, and assuming an interest rate of only 5%, the delay cost to the Class will exceed $309,000.00. (That is, $7 million X 5% X 10.6 / 12.)

an appeal to be frivolous, it may award just damages and single or double costs to the appellee.[2]

### FACTORS FOR REQUIRING RULE 7 COST BONDS

12. The Seventh Circuit does not appear to have addressed the factors to be analyzed when considering requests for Rule 7 bonds and, as noted above, the decision to require a bond and the amount of the bond are left to the discretion of the district court.

13. Other courts, however, have described the following factors to be evaluated when considering a Rule 7 cost bond: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal is lost; (3) the merits of the appeal; and (4) whether the appellant has shown any bad faith or vexatious conduct. *See*, *e.g.*, *In re Initial Public Offering Sec. Litig.*, 728 F.Supp.2d 289, 292 (S.D.N.Y. 2010); *In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, 2007 WL 2741033 (S.D.N.Y. 2007); *Baker v. Urban Outfitters*, 2006 WL 3635392 at *1 (S.D.N.Y. 2006); *Azizian v. Federated Dept. Stores, Inc.*, 499 F3d. 950 (9th Cir. 2007); *Fleury v. Richemont North America Inc.*, 2008 WL 4680033 (N.D. Cal.).

14. As described in further detail below, each of these factors weighs in favor of requiring a bond in this case. The need for the bond is amplified when, as here, an objector seeks to delay the administration of a class settlement through a frivolous objection and appeal in order to extort a payment. As one court put it:

> Repeat objectors to class action settlements can make a living simply by filing
> frivolous appeals and thereby slowing down the execution of settlements. The

---

[2] Some district courts have calculated and imposed Rule 7 cost bonds to include anticipated attorneys' fees based on a prediction that the court of appeals would determine an appeal to be frivolous and would award attorneys' fees under Fed.R.App.P. 38. *See*, *e.g.*, *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987). Other courts have rejected this approach. *See*, *e.g.*, *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). While the Cannata objection and appeal are frivolous, and while this is one of the factors for determining whether to require a bond, Plaintiff is not relying on this basis to request a bond that would include anticipated attorneys' fees on appeal, nor does Plaintiff request double costs in the District Court. Plaintiff reserves the right to pursue sanctions and fees in the Appellate Court based upon the frivolous nature of the Cannata appeal as well as Cannatta's failure to intervene in the District Court action, which deprives her of standing to appeal the judgment. *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

> larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal). Because of these economic realities, professional objectors can levy what is effectively a tax on class action settlement, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the costs: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.
>
> Under these circumstances, Fed.R.App.P. 7 makes perfect sense: by requiring objectors to post a bond that would cover the costs of losing the appeal, the burden of litigating frivolous appeals shifts to them instead of to the class. Posting a bond sufficient to ensure that the class can recoup the costs of appeal provides the class with an appropriate incentive to litigate the appeals and establish their lack of merit.

*Barnes v. FleetBoston Fin. Corp.*, 2006 U.S. Dist. LEXIS 71072 (D.Mass. 2006). Even the Federal Judicial Center's "Pocket Guide for Judges" on managing class action litigation cautions judges to "watch out" for "canned objections from professional objectors who seek out class actions to extract a fee by lodging generic, unhelpful protests." Pocket Guide at 15, available at http://www.fjc.gov/public/pdf.nsf/lookup/classgd2.pdf/$file/classgd2.pdf.

### The Cannatas' Ability to Post the Bond

15. At this time there is no evidence in the record indicating that the Cannatas would be unable to post a bond. Mr. Cannata is a licensed attorney who, presumably, has extracted sufficient fees in connection with his numerous other class settlement objections that he would have no difficulty posting the modest bond requested here. If there is no information in the record concerning the appellant's ability to post a bond, then this factor weighs in favor of one. *See*, *e.g.*, *Chiaverini, Inc. v Frenchies Fine Jewelry*, No. 04 CV 74891-DT, 2008 U.S. Dist. LEXIS 45726 at 7, 2008 WL 2415340 (E.D. Mich. June 12, 2008).

### The Risk of Nonpayment

16. The Cannatas reside in the State of Ohio. Thus, they are residents of neither Illinois nor any other state within the Seventh Circuit, which could make it more difficult for Plaintiff and the Class to collect their costs on appeal. Similar facts have been interpreted as

weighing in favor of a bond. *See Fleury v. Richemont N.A., Inc.*, 2008 WL 4680033, *7 (N.D.Cal. 2008).

### The Merits of the Appeal

17. The Cannatas have filed a generic two-sentence Notice of Appeal that describes no basis whatsoever for their appeal. If Mr. Cannata repeats the same tactics he has employed in previous objections and appeals, he will not actually file an appellate brief. In any event, the only arguments asserted at the district court level and which, therefore, may have been preserved for appeal, are demonstrably frivolous.

18. The Cannatas' objections were addressed at length in Plaintiff's response brief (Doc. 59), and there is no need to repeat that discussion here. Suffice it to say that the Cannatas' first and fourth objections (that this is a coupon settlement and that the *cy pres* recipient is not named in the settlement) are absolutely refuted by simple reference to the settlement agreement itself, which affords class members fully transferable gifts cards that can be used like cash (not coupons) and which explicitly identifies Habitat for Humanity as the proposed *cy pres* recipient (though this provision has been rendered moot because so many claims have been filed). These facts illustrate the perils of filing boilerplate repeat objections without actually reading the terms of a proposed class settlement. It is noteworthy that although the Cannatas were made aware of these irrefutable facts in Plaintiff's response brief, they did nothing to address them, either by participating in the final approval hearing or by raising them in the notice of appeal.

19. The Cannatas' second and third objections are that the attorneys' fees are excessive and that inadequate information has been provided to justify the attorneys' fees. However, because the relief to the Class is not in any way diminished by the attorneys' fees, and because the Cannatas do not suggest that there was any collusion between the parties (there was not), they lack standing to even raise these issues. *See Glasser v. Volkswagen of America, Inc.*, -- F.3d --, 2011 WL 1844088, *3-4 (9th Cir. 2011) (objector to class settlement lacked standing because attorneys' fees were not paid from common fund and there was no allegation of collusion).

20. A district court's approval of a class settlement is reviewed merely for an abuse of

discretion. *Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 986 (7th Cir. 2002). Therefore, the Cannatas will be required to demonstrate that this Court abused its discretion in finding that the proposed settlement is "fair, adequate and reasonable," which requires them to "do more than just argue that [they] would have preferred a different settlement structure." *Id.* The patent flaws in the arguments that may have been preserved for appeal virtually guarantee that the Cannatas will be unable to make this showing.

## AMOUNT OF REQUESTED BOND

21. Plaintiff requests that the Cannatas be required to post a bond of $5,000.00, based on a reasonable estimate of the taxable costs that are likely to be incurred. Rule 7 does not require the appellee "to make some sort of delineated showing of costs for a bond motion." *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063, *3 (D.N.J. 2007) (imposing cost bond of $25,000 for appeal of class action settlement approval).

22. Courts routinely impose Rule 7 cost bonds in much higher amounts under similar situations. *See*, *e.g.*, *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 520 F.Supp.2d 274, (D. Mass. 2007) (imposing $61,000 cost bond for appealing approval of class settlement); *In re Initial Pub. Offering Sec. Litig.,* 728 F.Supp.2d 289, 297 (S.D.N.Y. 2010) (assessing $25,000 on settlement objectors for cost aspects of Rule 7 bond); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2003 WL 22417252, at *2 ($35,000 appeal bond); *In re Currency Conversion Fee*, 2010 U.S. Dist. LEXIS 27605, at *9 ($50,000 appeal bond); *Fleury v. Richemont N.A., Inc.*, 2008 WL 4680033 (N.D.Cal. 2008) ($5,000 appeal bond).

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court require Objector Grace Cannata and/or her counsel, Sam Cannata, to post an appellate cost bond in the amount of $5,000.00, or in such other amount as the Court deems proper under the circumstances. Plaintiff reserves the right to request an increase in the amount of the bond if subsequent events render it appropriate to do so.

| | |
|---|---|
| Dated: August 30, 2011 | Respectfully submitted, |
| | By: /s/ Robert W. Schmieder II |

| | |
|---|---|
| Phillip A. Bock<br>Richard J. Doherty<br>**BOCK & HATCH, LLC**<br>134 N. LaSalle St., Ste. 1000<br>Chicago, IL 60602-1086<br>Telephone: 312-658-5500 | Bradley M. Lakin<br>Robert W. Schmieder II<br>Marc W. Parker<br>**LAKINCHAPMAN, LLC**<br>300 Evans Avenue, P.O. Box 229<br>Wood River, Illinois 62095-0229<br>Telephone: 618/254-1127<br>Fax: 618/254-0193 |
| Brian J. Wanca<br>Steven A. Smith<br>**ANDERSON + WANCA**<br>3701 Algonquin Road, Suite 760<br>Rolling Meadows, IL 60008<br>Telephone: 847-368-1500 | |