IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DORIS J. MASTERS, individually and on behalf of a class of similarly situated Individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:09-CV-255 |
| v. | ) ) | |
| LOWE'S HOME CENTERS, INC., | ) ) | |
| Defendant. | ) | |

### REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR RULE 7 APPEAL BOND

Ms. Cannata's opposition brief warrants this short response for two reasons. First, much like her underlying objection to the settlement, her response appears to be a boilerplate filing that largely reads as though it pertained to an entirely different case. For example, she devotes nearly two pages of her opposition brief to her argument that the inclusion of attorneys' fees in the calculation of a Rule 7 bond would be improper. (Doc. 70 at 3-5.) But Plaintiffs already specifically explained in their motion that they were not requesting a bond that would include anticipated attorneys' fees on appeal. (Doc. 68 at 4 n.2.)

Second, Plaintiffs' motion described the factors that courts take into account when considering Rule 7 appellate bonds: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal is lost; (3) the merits of the appeal; and (4) whether the appellant has shown any bad faith or vexatious conduct. Although Ms. Cannata does not dispute that these are the factors to be considered, she does not even attempt to address them in her opposition brief (with the possible exception of the fourth factor).

1

She does not deny that she has the financial ability to post a bond in the proposed amount, but her response could be interpreted as a tacit admission that she would not pay Plaintiffs' cost if she loses the appeal: if "Class Counsel would like a stipulation that Ms. Cannata would be amendable to **liability** for reimbursable costs on appeal, ***with a cap of $500.00***, Ms. Cannata will provide that stipulation" (emphasis added). (Doc. 70 at 6.)

Not only does her opposition brief not discuss the merits of the appeal, but she has forfeited yet another opportunity to explain some of the demonstrably false assertions in her underlying objection, such as the claim that the *cy pres* recipient was not identified in the settlement agreement. Remarkably, she nevertheless continues to rely on the indefensible *cy pres* portion of her underlying objection to argue that her objection was not frivolous. "The fact that there is a body of federal jurisprudence regarding . . . cy pres distributions and class action settlements show reasonable people offer [sic] differ on these issues." (Doc. 70 at 2.) All she has to do to know that the *cy pres* recipient was identified in the settlement agreement is to actually **read** the class action settlement agreement, which has now been suggested to her on multiple occasions. Either she still has chosen not to read it, or she has read it and knows that her objection relies on a false statement that she has chosen not to retract. Either way, her continued reliance on such a demonstrably false assertion indicates that not only were her objection and her notice of appeal frivolous, but the frivolity carries over into her opposition to the requested bond.

Plaintiffs' motion described the factors the Court should consider and demonstrated how each of those factors favors the granting of the requested bond. Because Ms. Cannata has failed adequately to address those factors, Plaintiffs' motion should be granted.

Dated: September 26, 2011    Respectfully submitted,

s/Richard J. Doherty
One of Plaintiff's Counsel

Phillip A. Bock    Bradley M. Lakin
Richard J. Doherty    Robert W. Schmieder II
**BOCK & HATCH, LLC**    Mark L. Brown
134 N. LaSalle St., Ste. 1000    **LAKINCHAPMAN, LLC**
Chicago, IL 60602-1086    300 Evans Avenue, P.O. Box 229
Telephone:  312-658-5500    Wood River, Illinois 62095-0229
    Telephone: 618/254-1127
    Fax: 618/254-0193

Brian J. Wanca
Steven A. Smith
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone:  847-368-1500

3

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on September 26, 2011, he electronically filed the foregoing *Reply Brief In Support Of Plaintiffs' Motion For Rule 7 Appeal Bond* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys who have appeared in this matter:

**For Defendant:**
Kimball R. Anderson
Kathleen B. Barry
Winston & Strawn - Chicago, IL
35 West Wacker Drive
Chicago, IL 60601-9703
312-558-5858
312-558-5700 (fax)

Gordon R. Broom
Troy A. Bozarth
HeplerBroom LLC - Edwardsville
130 North Main Street
P.O. Box 510
Edwardsville, IL 62025
618-656-0184
618-656-1364 (fax)

**For Plaintiff:**
Robert W. Schmieder, II
Mark L. Brown
LakinChapman, LLC
300 Evans Avenue
P. O. Box 229
Wood River, IL 62095
618-254-1127
618-254-0193 (fax)

**For the Objector:**
Sam P. Cannata
9555 Vista Way, Ste. 200
Cleveland, OH 44125
216-438-5091
216-587-0999 (fax)

/s Richard J. Doherty